IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLOBAL BROTHER SRL,

    Plaintiff,

v.

ARUNA WIJESINGHE d/b/a/ "bookdelico.com," and WEBDELICO LLC,

    Defendant(s).

C.A. No. 25-_____

## COMPLAINT

Global Brother SRL ("Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendants, ARUNA WIJESINGHE and WEBDELICO LLC, and alleges as follows:

## NATURE OF THE ACTION

This is a civil action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and for associated intellectual property and business violations under federal and State of Delaware law. This action is to address the unauthorized reproduction, distribution, and public display of protected works by the Defendant, relating to "The Lost Book of Herbal Remedies" and related claims under the Lanham Act and state law based on unauthorized use of Plaintiff's trademarks and trade dress, including in both "The Lost Book of Herbal Remedies" and "Forgotten Home Apothecary."

    1.    Plaintiff is a worldwide publisher of popular books and titles and has invested substantial resources in creating and distributing its protected materials (i.e., books and images thereof as subject to copyright, trade dress, trademark, and related intellectual property rights).

    2.    Defendant, without authorization or license, has engaged in the unauthorized

dissemination of Plaintiff's works through various online platforms and other means (not limited to but including SHOPIFY), thereby misrepresenting source, rights and misleading consumers in this District and causing financial and reputational harm to Plaintiff.

3. Through this action, Plaintiff seeks to protect its exclusive rights under federal and state laws and prevent further harm caused by Defendant's ongoing infringement. Plaintiff seeks injunctive relief, statutory damages, actual damages, attorneys' fees, and any other relief the Court deems just and proper to remedy the harm caused by Defendant's unlawful conduct.

## JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1051 et seq.).

5. This Court further has exclusive jurisdiction over the claims arising under federal copyright and trademark law under 28 U.S.C. § 1338(a), which grants original jurisdiction to federal district courts for all civil actions arising under any Act of Congress relating to copyrights, trademarks, or unfair competition.

6. This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act.

7. This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) as Defendants conduct substantial business in this District, have substantial contacts in this District, and events

giving rise to this action occur within this District. Defendants direct unlawful activities toward this District, including conducting business, advertising, selling, and/or distributing infringing products within this District.

9. Defendants are subject to this Court's jurisdiction because, pursuant to the Digital Millennium Copyright Act (DMCA) counter-notice, the Defendants are resident in this District and expressly consent to jurisdiction.

## PARTIES

10. Plaintiff, Global Brother SRL, is a Romanian Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with its principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania. Plaintiff is engaged in the business of publishing, selling, distributing, and advertising books in the United States and internationally. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with books titled "Forgotten Home Apothecary" and "The Lost Book of Herbal Remedies," including, for "The Lost Book of Herbal Remedies," U.S. copyright registrations, trade dress, and common law trademark rights; and for "Forgotten Home Apothecary," trade dress and common law trademark rights.

11. ARUNA WIJESINGHE ("WIJESINGHE"), is an individual who also goes by the name "Sam Wijesinghe" and who does business at 46 Artisan Drive, Unit 2, Smyrna DE 19977 and/or 80 Trouble Ln, Smyrna, DE 19977. Defendant WIJESINGHE is in the business of book sales, among other things, and has participated in, directed, or benefited from the unlawful activities described in this complaint, including the unauthorized sale, reproduction, and distribution of Plaintiff's copyrighted books. Upon information and belief, defendant WIJESINGHE owns and controls the content published at the website, < bookdelico.com > (an e-commerce platform hosted by SHOPIFY).

3

12. Defendant, WEBDELICO LLC ("WEBDELICO") is a limited liability company according to the laws of Delaware with a registered agent at 16192 Coastal Highway, Lewes, DE 19958 and a primary place of business at 46 Artisan Drive, Unit 2, Smyrna DE 19977. Upon information and belief, defendant WEBDELICO is owned by WIJESINGHE, who controls its daily operations, and which company is an alter ego of WIJESINGHE. Defendant, WEBDELICO is in the business of book sales, among other things, and has participated in, directed, or benefited from the unlawful activities described in this complaint, including the unauthorized sale, reproduction, and distribution of Plaintiff's copyrighted books. For example, the < bookdelico.com > website identifies WEBDELICO as providing a physical address for the business. *See* Book Delico, *Contact information*, https://bookdelico.com/policies/contact-information (Accessed July 15, 2025) (identifying "Physical address: Webdelico LLC, 46 Artisan Drive, unit 2, Smyrna DE 19977, United States"). The foregoing Defendants, WIJESINGHE and WEBDELICO, are collectively referred to herein in singular as the "Defendant."

13. Defendant, through its website < bookdelico.com > engages in unlawful sales and distribution of infringing materials, including, but not limited to, the works of Plaintiff, including but not limited to books titled "Forgotten Home Apothecary," "The Lost Book of Herbal Remedies," formative and derivatives therefor.

14. The Defendant's website is directed to consumers in Delaware and in interstate commerce, to transmit and transport infringing materials, not limited to Plaintiff's protected unique combination of elements, copyright, trade dress, and intellectual property rights.

## FACTUAL BACKGROUND

15. Plaintiff is the exclusive owner of all rights, title, and interest in and to "The Lost Book of Herbal Remedies" based on, but not limited to its registered copyrights, common law trademark rights and distinctive trade dress on and in association with books, related images, texts

and designs:

•  TRADEMARK: Plaintiff has acquired common law trademark rights in the title and cover for its book "The Lost Book of Herbal Remedies" through continuous and extensive use in commerce, resulting in strong consumer recognition, including its original as #1 best seller on AMAZON, https://www.amazon.com/Lost-Book-Remedies-Claude-Davis/dp/1732557101:



and, including its Volume II as #1 best seller on AMAZON, https://www.amazon.com/Lost-Book-Herbal-Remedies-II/dp/B0DBHM1W66:



The foregoing subject to Plaintiff The Lost Book series,





The Lost Book of Herbal Remedies

The Lost Book of Herbal Remedies II

The Lost Book of Herbal Remedies III Pre-Order

• TRADE DRESS: Plaintiff's trade dress includes the distinctive design comprising its title, layout, font style, color scheme, and associated imagery. Its trade dress is inherently distinctive and has acquired secondary meaning in the marketplace, signifying to consumers that the origin is from Plaintiff.

• COPYRIGHT: Plaintiff owns non-U.S. and U.S. Copyright Registrations for "The Lost Book of Herbal Remedies" (original volume) and "The Lost Book of Herbal Remedies II" (volume 2) inter alia, for the book, text, videos and website as in TX0009021932, VA0002369247, TX0009411164, PA0002339379, PA0002537482, TXu002422674, and TX0009431664 (Exhibit A,[1] image of cover and U.S. Copyright Office abstract, printouts).

16. (a) "The Lost Book of Herbal Remedies" (original volume), comprises: a book cover having a background that is a deep, forest green hue, overlaid with a repeating diagonal lattice formed by fine gold lines. Within each diamond-shaped cell of the grid, there appears a detailed, stylized botanical illustration—each rendered in gold ink—depicting a unique plant, flower, leaf, or mushroom form. Centrally positioned on the cover is an elongated, vertically oriented oval frame outlined in gold. Enclosed within this oval, the title in serif, also in gold, The

---

[1] "Exhibit __" refers to Exhibits A-D attached to the Complaint.

Lost Book of Herbal Remedies, The Healing Power of Plant Medicine. Beneath, there is a centered botanical illustration—a monochromatic gold drawing of a small plant stem with five serrated leaves. Following the visual, are authors' names displayed as: Nicole Apelian, Ph.D & Claude Davis.

(b) "The Lost Book of Herbal Remedies II" (volume 2) comprises: a book cover having a background that is a deep, wine red hue, overlaid with a repeating diagonal lattice formed by fine gold lines. Within each diamond-shaped cell of the grid, there appears a detailed, stylized botanical illustration—each rendered in gold ink—depicting a unique plant, flower, seedpod, leaf, or root form. Centrally positioned on the cover is an elongated, vertically oriented oval frame outlined in gold. Enclosed within this oval, the title in serif, also in gold: The Lost Book of Herbal Remedies II, *The Healing Power of Plant Medicine*. Beneath, there is a centered botanical illustration—a monochromatic gold drawing of a flowering plant stem with symmetrical leaves. Following the visual, are authors' names displayed as: Nicole Apelian, Ph.D. & Claude Davis. Subsequent volumes II and III have a same layout and presentation as the original volume. The series evokes the same commercial impression.

17. Plaintiff is the exclusive owner of all rights, title, and interest in and to "Forgotten Home Apothecary" based on, but not limited to its registered copyrights, common law trademark rights and distinctive trade dress on and in association with books, related images, texts and designs:

- TRADEMARK: Plaintiff has acquired common law trademark rights in the title and cover "Forgotten Home Apothecary" through continuous and extensive use in commerce, resulting in strong consumer recognition, including as #10 on Amazon Charts, https://www.amazon.com/Forgotten-Home-Apothecary-Powerful-

Fingertips/dp/B0DJQVYV99.



• TRADE DRESS: Plaintiff's trade dress includes distinctive designs comprising its titles, layouts, font styles, color schemes, and associated imagery. Its trade dress is inherently distinctive and has acquired secondary meaning in the marketplace, signifying to consumers that the products, books, originate from Plaintiff.

• COPYRIGHT: Plaintiff owns non-U.S. and U.S. Copyright Registrations for "Forgotten Home Apothecary" inter alia, including registration nos. VAU001533601 and TXU002446715, for the book, its title, text, and book cover, etc. (Exhibit B, U.S. Copyright Office printouts). Although Plaintiff owns copyright registrations for Forgotten Home Apothecary, this action does not assert a copyright claim with respect to that work, but pleads same to enhance its proprietary rights in the underlying mark and dress.

18.   The "Forgotten Home Apothecary," comprises a detailed image resembling a vintage, wooden medicine cabinet. The cabinet is crafted with a dark wooden frame that showcases intricate carvings. Inside the cabinet, there are multiple shelves filled with an assortment of bottles, jars, and containers of various shapes and sizes, labeled with different contents having variety of herbal remedies and ingredients. The labels on containers are styled in script and print. Surrounding the central banner where the book's title, "Forgotten Home Apothecary," is

prominently displayed in a decorative red and gold banner, are various botanical illustrations including herbs, leaves, and twig-like elements that frame the title. Below the title, the subtitle "250 Powerful Remedies at Your Fingertips" is situated in a smaller style. The author's name, "Nicole Apelian Ph.D.," is featured at the bottom of the cover.

19. Plaintiff's books have been extensively marketed, distributed, and sold in the United States since at least as early as 2019, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable trademark rights in the content, title, design, and trade dress of the books.

20. On or about early-to-mid June 2025, Plaintiff discovered Defendant was advertising and selling counterfeit, unauthorized, and/or derivations of its titles "Forgotten Home Apothecary" and "The Lost Book of Herbal Remedies" at < bookdelico.com >.

I. The unauthorized use included advertising content of Plaintiff's "The Lost Book of Herbal Remedies", such as including, but not limited to the following:



which images are an exact copy of "The Lost Book of Herbal Remedies II," and replicates and

9

mimics Plaintiff's intellectual property, including the trademark, the books distinctive trade dress, and copyrighted artistic elements, creating a false impression of affiliation. The fact it there are changes, albeit insignificant, establishes Defendant intentionally sought to divert notice, mislead consumers and profit from Plaintiff's goodwill, constituting trade dress infringement, copyright infringement, and false designation of origin. The following uses involve Forgotten Home Apothecary and give rise to Plaintiff's trademark and trade dress claims only.

   II.  The unauthorized use included advertising content of Plaintiff's "Forgotten Home Apothecary", such as including, but not limited to the following, 5 example links:

- https://shop.app/products/9824014729501?variantId=49905573134621

- https://bookdelico.com/products/the-best-home-apothecary-500-forgotten-powerfulremedies-for-ultimate-health-energy-vitality-and-wellness-home-apothecarybook?_pos=1&_sid=54f5b1e90&_ss=r

- https://bookdelico.com/products/the-alchemists-home-apothecary-booktransformative-herbal-remedies-for-beauty-longevity-and-youthful-skin-lost-andforgotten-home-apothecary-book?_pos=2&_sid=54f5b1e90&_ss=r

- https://bookdelico.com/products/mastering-the-art-of-healing-herbs-homeapothecary-book-200-herbal-formulas-remedies-for-mental-clarity-digestive-health-andstress-relief-lost-and-forgotten-home-apothecary-book?_pos=3&_sid=54f5b1e90&_ss=r

- https://bookdelico.com/products/ancient-lost-home-apothecary-book-300-supremeholistic-herbal-divine-natural-antibiotics-for-a-truly-healthylife?_pos=4&_sid=54f5b1e90&_ss=r

   21.  To safeguard its intellectual property rights and mitigate consumer confusion, on or about June 11, 2025, Plaintiff filed its takedown notices with Shopify regarding the unauthorized content as to Plaintiff's "Forgotten Home Apothecary" being subject to trademark protection. And, on June 24, 2025, Plaintiff sent the Defendant communications that identify Plaintiffs exclusive right in and to the works (Exhibit C).

22. On the same day, the Defendant filed counter notice (56dca5cc-0047-47df-9845-440e6143c919) whereby Defendant denied Plaintiff is entitled to exclusivity by asserting the titles and/or content subject to the following links, were disabled by mistake:

- https://shop.app/products/9876531085597?variantId=50077557031197

- https://bookdelico.com/products/lost-book-of-complete-herbal-and-natural-remedies-heal-from-diseases-and-illnesses-naturally-and-correctly?_pos=11&_sid=05f6498e9&_ss=r

- https://bookdelico.com/products/lost-manual-of-herbal-remedies-2-discover-additional-natural-herbs-for-holistic-health?_pos=1&_sid=ff846b680&_ss=r

23. On June 26, 2025, the Plaintiff sent follow-up communications to the Defendant asserting its exclusive rights in and to "The Lost Book of Herbal Remedies" and requested the Defendant provide information in effort to resolve the dispute (Exhibit D). Rather than engage in good-faith communications, Defendant refused to provide any documentation or respond to Plaintiff's requests. Subject to the DMCA counter notice policy of SHOPIFY, the objected to content of the Defendant will revive unless the Plaintiff files a proceeding in this court.

24. Defendant's actions leave Plaintiff no alternative but to initiate this lawsuit to prevent ongoing harm and seek damages. Defendant's wrongful acts, including but not limited to copyright infringement, trademark infringement, trade dress infringement, and false advertising, have caused irreparable harm to Plaintiff's reputation, consumer goodwill, and financial interests. Plaintiff has suffered and will continue to suffer substantial damages unless Defendant is enjoined by the court.

## CLAIMS FOR RELIEF

## COUNT I

## COPYRIGHT INFRINGEMENT

## [17 U.S.C. § 501]

25. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein. This claim is limited to Plaintiff's work "The Lost Book of Herbal Remedies" and its related volumes. Plaintiff does not assert a copyright claim for "Forgotten Home Apothecary" in this action

26. Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the book "The Lost Book of Herbal Remedies" and its related volumes, its contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted materials.

27. Defendant, without authorization or consent, has willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as before June 11, 2025, to the present. Acts of infringement occurred after the Plaintiff received its copyright registration.

28. Defendant's actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendants infringing activities.

29. As a direct and proximate result of the Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing

acts will continue to cause irreparable injury to Plaintiff who has no adequate remedy at law.

30. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing the protections under Global Brother U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

## COUNT II

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## [15 U.S.C. § 1125(a)]

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

32. Plaintiff owns enforceable common law trademarks and trade dress rights in and to the non-functional, unique designs of its books, covers and titles (the trade dress and title marks collectively referred to as "Plaintiffs Trademarks").

33. The Plaintiff's Trademarks have been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by Defendant.

34. Plaintiff's Trademarks are inherently distinctive and/or have acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce. Consumers associate the unique titles, unique pattern-design of the books as originating exclusively from Plaintiff.

35. Defendant's unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

36. As a direct and proximate result of the foregoing acts, the Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial, and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendant's unfair competition.

37. Plaintiff seeks damages, including Defendant's profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition. And because Defendant's acts were willful, this is an exceptional case making the Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III

## MISREPRESENTATION, COUNTER-NOTICE

## [17 U.S.C. § 512(F)]

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. Defendant knowingly and materially misrepresented their rights to distribute and display the infringing books in the counter-notice.

40. Defendant's false assertions in the counter-notices constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

41. As a result of Defendant's misrepresentations, Plaintiff has suffered and will continue to suffer damages, including but not limited to costs and attorneys' fees incurred in addressing Defendant's unlawful conduct including but not limited to having to file this complaint.

## COUNT IV

## VIOLATIONS OF DELAWARE

## DECEPTIVE TRADE PRACTICES ACT

## [6 *Del. C.* § 2531 et seq.]

42. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Delaware's Deceptive Trade Practices Act (DTPA), 6 Del. C. § 2531 et seq., prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. The statute is designed to protect consumers and legitimate business entities from harm caused by unfair business practices and deceptive trade acts.

44. Defendant engaged in conduct that violates 6 Del. C. § 2532(a) by advertising, offering for sale, selling, distributing, and attempting to distribute counterfeit and unauthorized versions of Plaintiff's books. This conduct is unfair and deceptive at least because,

    a. Deceptive Representation of Origin: Defendant deliberately replicated the works, titles, texts, trade dress, and designs of Plaintiff's books, misleading consumers into believing the infringing books are affiliated with, authorized by, or a genuine product of Plaintiff.

    b. False and Misleading Advertising: Defendant used deceptive advertisements that prominently displayed and published Plaintiff's registered copyrights, in support of procuring unauthorized sales of counterfeit versions of Plaintiff's books, creating confusion among consumers about the source and quality of the product.

    c. Use of a Knockoff Product to Mislead Consumers: Defendant unauthorized books mimic Plaintiff's distinctive trade dress and design and allows Defendant to unlawfully capitalize on the goodwill, reputation, and established consumer trust associated with Plaintiff's genuine

books.

    d. Intentional Consumer Confusion: Defendant's tactics were designed to confuse consumers while evading detection by Plaintiff and online platforms.

    e. Harm to Consumers: Consumers who purchased the infringing books received a counterfeit product that was not authorized or endorsed by Plaintiff and priced with the intention to cause consumers to suffer financial loss and diminished trust in Plaintiff's brand.

45. To preserve the integrity of evidence, Plaintiff seeks an injunction to preserve all potentially relevant electronic evidence, including, but not limited to:

    a. Data from Shopify accounts, including sales records, customer communications, and financial transactions related to the infringing books;

    b. All financial records connected to the infringing books, including revenue, expenses, and profit calculations;

    c. Design files, production records, and any related communications concerning the development or manufacture of the infringing books;

    d. Customer communications and data, including complaints, inquiries, or feedback regarding the infringing books;

    e. Records of supplier and distributor relationships, including financial data and agreements.

46. As a direct and proximate result of Defendant's acts and practices, Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and goodwill, and consumer confusion that undermines trust in Plaintiff's authentic products.

47. Plaintiff is entitled to recover actual damages incurred as a result of Defendant's

unfair competition, including compensation for lost revenue, reputational harm, and other economic injuries. Given the willful and knowing nature of Defendant's conduct, Plaintiff is entitled to treble damages.

48. Plaintiff further seeks equitable relief under Delaware law, including injunctive relief pursuant to 6. Del. C. § 2533(a) to prevent Defendant from engaging in further deceptive and unfair practices. Such relief is necessary to safeguard Plaintiff's business interests and to protect consumers from ongoing harm.

49. Pursuant to 6 Del. C. § 2533(b), Plaintiff also seeks recovery of its attorneys' fees and costs incurred in prosecuting this action, as Defendant's conduct constitutes a willful and knowing violation of the State laws.

## COUNT V

### UNJUST ENRICHMENT

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. By capitalizing on Plaintiff's intellectual property and goodwill, Defendant unjustly obtained and continues to obtain benefit, including but not limited to: Revenue generated from the sale of counterfeit books; Cost savings by avoiding investment in original design, marketing, and branding efforts; and Consumer trust and market recognition built upon Plaintiff's established reputation.

52. Plaintiff has suffered and continues to suffer significant harm, including Loss of revenue and market share due to diverted sales; Reputational harm caused by consumer confusion; and Diminished goodwill in the marketplace.

53. Plaintiff's loss is a direct and proximate result of Defendant's conduct in

capitalizing on Plaintiff's intellectual property and goodwill.

54. There is no justification for Defendant's conduct. Plaintiff never authorized Defendant to use its intellectual property or to benefit from its reputation and goodwill. In addition, Defendant knew or should have known that its actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Prior to filing a counter-notice, the Defendant should have investigated the dispute. Instead, with wanton disregard, Defendant filed a counter-notice, acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge it had no right to do so.

55. Plaintiff has no adequate remedy at law to compensate it for the detriment caused by Defendant's conduct.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

a. Preliminary and permanent injunctive relief prohibiting Defendants from further infringing, unfair competition, and deceptive practices;

b. Statutory damages under the Copyright Act for "The Lost Book of Herbal Remedies" and under the Lanham Act for all works subject to trademark or trade dress infringement;

c. A declaration that Plaintiff's rights in *Forgotten Home Apothecary* arise under common law trademark and trade dress, and not under U.S. copyright.

d. Actual damages, including lost profits and compensation for reputational harm;

e. Treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117;

f. Disgorgement of Defendants' profits from infringing activities;

g. Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117, 17 U.S.C. § 505,

and/or 6 Del. C. § 2533(b);

      h.      An order requiring the destruction or forfeiture of all infringing materials in Defendant's possession custody or control;

      i.      Restitution for unjust enrichment under Delaware law;

      j.      Pre-judgment interest at the maximum legal rate;

      k.      Post-judgment interest at the maximum legal rate;

      l.      Awarding Plaintiff the costs of this action; and

      m.      All other and further relief the Court deems just and equitable.

Dated: July 15, 2025

*Of Counsel:*

**THE DEFRANCESCO LAW FIRM PLLC**

Jason L. DeFrancesco
110 Dungannon Blvd, Suite 101
Wilmington, NC 28403
(910) 833-5428
jasond@defrancesco.law

**SMITH, KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*

19