IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

GLOBAL BROTHER SRL, Plaintiff, v. ARUNA SAMPATH WIJESINGHE d/b/a bookdelico.com, and WEBDELICO LLC, Defendants.

)))))))))))) Civil Action No. 1:25-cv-00878-MN

**DEFENDANT ARUNA SAMPATH WIJESINGHE'S MOTION FOR CONDITIONAL EXTENSION OF TIME TO RETAIN COUNSEL FOR WEBDELICO LLC**

Defendant, Aruna Sampath Wijesinghe ("Defendant Wijesinghe"), appearing pro se, hereby moves this Court for an Order granting a Conditional Extension of Time for Defendant Webdelico LLC to retain counsel.

## I. PRELIMINARY STATEMENT AND GROUNDS FOR EXTENSION

This motion is filed concurrently with the Defendant's Pro Se Motion for Summary Judgment ("MSJ") against the individual Defendant, Aruna Wijesinghe.

1. **Good Faith Settlement Efforts:** Beginning on **November 5, 2025**, Plaintiff initiated extended communications requesting additional documentation, including purchase invoices, sourcing records, and platform notices, to evaluate a potential settlement.

2. **Defendant's Cooperation:** Defendant promptly produced all requested materials—including complete sourcing documentation from Ingram Content Group and Barnes & Noble, sales summaries confirming $78.69 in revenue, and Shopify notices—in good

faith and with the reasonable expectation that the matter could be resolved without further litigation.

3. **Reliance on Negotiations:** Between **November 5 and November 30, 2025**, the parties engaged in continuous settlement discussions. Plaintiff repeatedly revised its position, which required additional responses and document clarification from Defendant. These ongoing, substantive negotiations reasonably led Defendant to believe that a resolution was imminent and that retaining costly counsel for the micro-business LLC would not be necessary.

4. **Procedural Context:** On November 17, 2025, the Court issued an Oral Order requiring Webdelico LLC to obtain counsel by **December 17, 2025**.

5. **Change in Circumstance:** Following the transmission of evidence-based dismissal terms, communication regarding the proposed resolution ceased. Since November 30, 2025, there has been no further response from Plaintiff. Consequently, Defendant Wijesinghe immediately proceeded to finalize and prepare a Motion for Summary Judgment ("MSJ"), which is being filed concurrently with this motion.

6. **Need for Relief:** Defendant now seeks a short, **conditional extension** of the LLC's deadline. This extension is necessary to avoid imposing crushing legal expenses on a small entity for a case that the concurrent MSJ may fully resolve or significantly narrow based on the undisputed facts already in the record.

## II. ARGUMENT

### A. Retaining LLC Counsel Before the MSJ Is Decided Would Cause Undue Hardship

Webdelico LLC is a micro-business with extremely limited revenue. The claims in this case concern two sales totaling **$78.69**, and all sourcing was lawful and documented. Requiring the LLC to retain counsel immediately—before the Court has considered the dispositive MSJ—would impose significant financial hardship on the business relative to the *de minimis* value of the case.

### B. The Claims Against the LLC Are Entirely Derivative of the Claims Against the Individual Defendant

The allegations against both Defendants arise from the exact same nucleus of facts:

- The same **two sales** of a single book title;

- The same **sourcing documents** (Ingram/Barnes & Noble);

- The same **Shopify notices** and removal actions; and

- The same alleged infringement theory.

If the MSJ filed by Defendant Wijesinghe is granted (in whole or in part), the claims against the LLC would either become moot or be narrowed substantially. In that event, compelling the LLC

to retain counsel now would result in unnecessary and avoidable costs for a defense that may be rendered obsolete by the Court's ruling on the individual MSJ.

### C. A Conditional Extension Promotes Judicial Economy

Granting a conditional extension serves the interests of judicial economy and fairness by:

- Avoiding unnecessary expense for the LLC;

- Avoiding unnecessary briefing by newly retained counsel on issues that are already being briefed in the MSJ;

- Conserving judicial resources by focusing on the dispositive motion first; and

- Ensuring that the necessity and scope of LLC counsel is determined *after* the Court rules on the pending MSJ.

## III. RELIEF REQUESTED

For the reasons stated above, Defendant respectfully requests that the Court:

1. **GRANT** a Conditional Extension of Time for Webdelico LLC to obtain counsel; and

2. **STAY** the deadline for counsel to enter an appearance until **30 days after the Court issues its decision on the Defendant's Motion for Summary Judgment**.

This request is made in good faith and is not sought for purposes of delay.

Respectfully submitted,

Date: December 8, 2025

/s/ Aruna Sam Wijesinghe Pro Se Defendant 46 Artisan Drive, Unit 2 Smyrna, DE 19977 Email: arunasampath1@gmail.com Phone: 484-838-9988

5