IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

GLOBAL BROTHER SRL, Plaintiff,

v.

ARUNA SAMPATH WIJESINGHE d/b/a bookdelico.com,

and WEBDELICO LLC, Defendants.

))))))))))))

Civil Action No. 1:25-cv-00878-MN



# **DEFENDANT ARUNA SAMPATH WIJESINGHE'S PRO SE MOTION FOR**

# **SUMMARY JUDGMENT**

Defendant Aruna S. Wijesinghe, appearing pro se, respectfully moves this Court for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, as there is no genuine dispute of material fact and Plaintiff cannot establish the required elements of copyright infringement, trademark infringement, unfair competition, deceptive trade practices, or unjust enrichment.

This Motion is supported by the following Memorandum of Law and accompanying Exhibits.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Plaintiff's lawsuit rests on the incorrect assumption that Defendant reproduced, manufactured, counterfeited, or intentionally distributed infringing copies of Plaintiff's works. The undisputed evidence shows that Defendant is a small Delaware reseller who lawfully purchased finished books from reputable distributors and resold only two copies of a completely different title, *The Best Home Apothecary: 500 Forgotten Remedies*. Defendant never sold, never purchased, and never possessed any copy of Plaintiff's works *Forgotten Home Apothecary or The Lost Book of Herbal Remedies or any volume thereof."* (This covers Volume I, II, III, etc.). While these titles appeared passively on the website due to the automated Ingram data feed, Defendant never stocked or sold a single copy.

All listings at issue appeared automatically through an Ingram Content Group catalog feed and were immediately removed upon notice. No sales were made of Plaintiff's original works, and Defendant later withdrew Shopify's auto-generated counter-notice. On November 6, 2025, Defendant provided Plaintiff with all sourcing invoices and sales records, which have remained undisputed

Because Plaintiff cannot prove copying, distribution of the asserted work, consumer confusion, willfulness, or unjust enrichment—and because the undisputed facts show lawful sourcing, de minimis activity, and full good-faith compliance—Plaintiff cannot establish any essential

element of any claim. For these reasons, and as supported by the Statement of Undisputed Material Facts filed concurrently, summary judgment should be granted in Defendant's favor.

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant respectfully refers the Court to the **Statement of Undisputed Material Facts** filed separately and contemporaneously with this Motion, as required by D. Del. LR 56.1.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Here, the undisputed facts compel dismissal of the claims against Defendant Wijesinghe.

## III. ARGUMENT

### A. Count I – Plaintiff Fails to Establish a Prima Facie Copyright Claim (17 U.S.C. § 501)

To prevail, Plaintiff must prove:

(1) valid ownership, and

(2) copying of protected elements.

Plaintiff cannot satisfy the necessary elements to establish liability.

### 1. No Evidence of Copying

Plaintiff alleges Defendant "reproduced or distributed counterfeit books." (¶¶ 21–23.)

The undisputed facts show Defendant did **not** copy, print, or manufacture any book. Defendant merely resold finished books purchased from Ingram and Barnes & Noble (Exhibits A–B). Lawful resale is permitted.

### 2. Plaintiff Excluded the Only Relevant Work

Defendant sold only two copies of *The Best Home Apothecary: 500 Forgotten Remedies* (Exhibit D). Plaintiff claims this resembles *Forgotten Home Apothecary*, yet expressly states:

"Plaintiff does not assert a copyright claim for 'Forgotten Home Apothecary' in this action." (Compl. ¶ 25)

Plaintiff cannot disclaim the only relevant title and still maintain Count I.

### 3. No Distribution of the Asserted Work

Count I is based **solely** on *The Lost Book of Herbal Remedies*.

The undisputed evidence shows Defendant never sold, possessed, shipped, or distributed a physical copy of this book or any volume thereof (Exhibit D). While the title appeared in the automated catalog feed, no transaction ever occurred. Liability under 17 U.S.C. § 106(3) requires actual distribution of copies, which never happened.

No distribution = no infringement under §106(3).

### 4. No Reproduction

Defendant is a reseller, not a publisher or manufacturer. Plaintiff offers no evidence of printing or reproducing anything. All inventory was acquired from Ingram and Barnes & Noble.

### 5. First Sale Doctrine

Even if Plaintiff had identified the correct title, Defendant is protected because all copies were genuine, legally purchased, and lawfully resold.

### 6. Innocent Infringement (Alternative)

If any infringement existed (none does), Defendant qualifies as an innocent infringer due to automated listings, reliance on reputable distributors, immediate takedown, and absence of knowledge.

### Conclusion on Count I

Plaintiff sued over a book Defendant never sold and excluded the only possibly relevant work. **Count I fails as a matter of law. Summary judgment is warranted.**

### B. Count II – Plaintiff Fails to Establish False Designation of Origin (15 U.S.C. § 1125(a))

Count II fails for four independent reasons.

### 1. No False Origin

Defendant sold *The Best Home Apothecary* under its correct title and ISBN, with metadata pulled from Ingram. Defendant never represented it as *The Lost Book of Herbal Remedies*, *Forgotten Home Apothecary*, or any Global Brother title. Truthful resale of a distinct product is not a false designation.

### 2. The "Dastar Rule" Bars Plaintiff's Theory

Plaintiff relies on alleged "unique pattern-designs" (¶ 34).
Under *Dastar v. Fox*, 539 U.S. 23 (2003), the Lanham Act cannot be used to protect creative content or design elements. Such claims belong in copyright law—which, as shown in Section A, Plaintiff cannot sustain.

### 3. First Sale Doctrine

Trademark rights are exhausted after the first lawful sale. Defendant sold genuine goods purchased from Ingram/Barnes & Noble. This is ordinary retail activity, not unfair competition.

### 4. No Consumer Confusion

Plaintiff provides no evidence of confusion. The books have different titles, ISBNs, covers, and publishers. No customer complained or returned a product.

**Conclusion on Count II**

No misrepresentation, no confusion, and no actionable legal theory. **Summary judgment is warranted.**

## C. Count III – No Misrepresentation Under 17 U.S.C. § 512(f)

Liability requires a **knowing** misrepresentation. The undisputed facts show Defendant acted with a genuine good-faith belief.

### 1. Good-Faith Belief Negates "Knowing Misrepresentation"

At the time the Counter-Notice was submitted, Defendant relied on data from Ingram Content Group. The undisputed evidence shows that the titles in question were listed in the Ingram bulk data feed available to Defendant at that time (See Exhibit E-F). Furthermore, Defendant possessed valid invoices for sold inventory (Exhibit A - B). Because the titles appeared in the catalog of a major authorized distributor, Defendant lawfully believed—and continues to believe—that the listings were legitimate and that any resale was protected by the First Sale Doctrine. The fact that Ingram Content Group itself and other major retailers (e.g., Barnes & Noble, Walmart) continue to list these same titles (Exhibit R) further validates the reasonableness of Defendant's belief. A statement made under a sincere, evidence-based belief in the legality of one's conduct cannot constitute a "knowing" falsehood under § 512(f).

### 2. Immediate Withdrawal Upon Learning of the Lawsuit

Defendant was unaware of the July filing due to missed notices. Upon discovering the lawsuit on September 10, Defendant withdrew the Counter-Notice within 24 hours (Exhibit N). This is the opposite of bad faith.

### 3. Shopify's Standard Auto-Filled Template

The Counter-Notice (Exhibit Ma) was a platform-generated DMCA form. Defendant merely checked the good-faith box because Defendant sincerely believed the removal was mistaken. A standard template submitted under an honest belief does not satisfy §512(f).

### Conclusion on Count III

Because Defendant acted in documented good faith and withdrew the notice immediately, **Count III fails.**

### D. Count IV – DTPA Claim Is Preempted and Unsupported

### 1. Preempted by Copyright Act

Plaintiff alleges Defendant "replicated the works, texts, and designs" (¶ 44). These are copyright allegations. Under 17 U.S.C. § 301, state-law claims equivalent to copyright rights are preempted.

### 2. No Deceptive Conduct

Defendant truthfully listed a different book using the correct title and ISBN supplied by Ingram. Defendant never represented the product as any Global Brother title.

### 3. No Counterfeit Goods

Counterfeiting requires unauthorized manufacturing intended to imitate the original. Defendant is not a manufacturer. Defendant purchased finished books directly from Ingram and Barnes & Noble. Nothing is counterfeit.

### 4. Injunctive Request Is Moot

Plaintiff seeks evidence-preservation orders. All records were produced on November 6, 2025 (Exhibit Q). There is nothing left to preserve.

### Conclusion on Count IV

Preempted, factually unsupported, and moot. **Summary judgment required.**

### E. Count V – Unjust Enrichment Is Preempted and Unsupported

### 1. Preempted by Copyright Act

Plaintiff alleges Defendant gained a "benefit" by using Plaintiff's intellectual property. This is a copyright theory relabeled as unjust enrichment. Such claims are preempted under § 301.

9

### 2. No "Unjust" Benefit

Defendant lawfully purchased inventory from Ingram and Barnes & Noble, sold two copies for $78.69, and all sales are protected by the First Sale Doctrine. Routine resale is not unjust.

### 3. Defendant Acted with Justification

Defendant acted in good faith with legitimate invoices and believed the sales were lawful. Under Delaware law, enrichment is not "unjust" when the defendant acted with justification.

### 4. De Minimis Amount

After wholesale cost, fees, and shipping, Defendant earned virtually no profit. Courts do not impose equitable remedies over trivial sums—especially where the defendant acted in good faith.

### Conclusion on Count V

Preempted, justified, and de minimis. **Summary judgment is required.**

### F. Additional Listings Were Automated, Generated Zero Sales, and Were Removed

Listings were auto-generated through Ingram's bulk data feed (Exhibits E–F). Defendant did not manually create or select them. Several titles Plaintiff claims are "infringing" are also sold by major retailers such as Barnes & Noble and Walmart, and remain listed by the major U.S. distributor Ingram Content Group (Exhibit R), confirming they came from legitimate wholesale

channels. Defendant sold zero copies of these titles (Exhibit D) and removed them immediately upon notice. Automated listings that generate no sales cannot support willful infringement.

### G. Plaintiff Cannot Invoke Rule 56(d)—All Evidence Already Produced

Rule 56(d) requires showing that essential evidence is unavailable. Plaintiff cannot meet this burden.

All evidence was produced on November 6, 2025, including invoices, sales reports, delisting screenshots, removal confirmations, and proof of Counter-Notice withdrawal.

There are no missing documents or factual disputes. Plaintiff had multiple opportunities to request additional materials and received everything requested. Further discovery cannot change the undisputed facts.

### H. Plaintiff Cannot Challenge the Invoices

Ingram and Barnes & Noble invoices (Exhibits A–B) were produced on November 6 and have never been disputed. Plaintiff identified no defect or inconsistency. These are authoritative records from two of the largest U.S. distributors and constitute undisputed material facts under Rule 56(c).

### I. Statutory Damages Are Unavailable

Statutory damages require infringement. Defendant never sold, distributed, or possessed the asserted work. Without infringement, statutory damages are unavailable as a matter of law.

### J. Plaintiff Is Not Entitled to Injunctive Relief, Enhanced Damages, Attorney's Fees, or Disgorgement

**1. Injunctive Relief Is Moot**

Defendant removed all listings upon notice in June 2025 and has not reposted them. No ongoing conduct exists to enjoin.

**2. No Willfulness for Statutory or Treble Damages**

Willfulness requires knowledge of infringement. Defendant relied on reputable distributors, automated metadata, withdrew the Counter-Notice immediately, and believed all sales were lawful. Courts hold that reliance on legitimate suppliers negates willfulness.

**3. Declaratory Relief (Item c) Is Improper**

Plaintiff asks for a declaration that *Forgotten Home Apothecary* is protected only by trademark/trade dress. This contradicts *Dastar* and is an improper attempt to use trademark law to police creative content. The Court should decline.

### 4. No Basis for Attorney's Fees

Fee awards require exceptional misconduct. Two sales totaling $78.69, genuine sourcing, and immediate compliance do not meet that standard.

### 5. Disgorgement and Restitution Unsupported

Total revenue was $78.69; Defendant offered to remit it. Net profit was negligible. Equity does not justify litigation over a trivial amount already disclosed.

### 6. Remaining Requests Fail Automatically

Plaintiff's requests for interest, costs, and "other relief" require success on a substantive claim. Plaintiff cannot prevail on any count.

## K. Judicial Economy Supports Summary Judgment

Defendant removed listings, provided all documents, withdrew the Counter-Notice, and repeatedly attempted resolution. Plaintiff continues litigation over two sales totaling $78.69. Summary judgment conserves judicial resources and ends unnecessary litigation.

## IV. CONCLUSION

For the foregoing reasons, the undisputed material facts establish that Defendant Aruna Sampath Wijesinghe is entitled to judgment as a matter of law. Defendant Wijesinghe respectfully requests that the Court:

GRANT this Motion for Summary Judgment in its entirety; DISMISS with prejudice all claims against Defendant Aruna Sampath Wijesinghe; and Grant such other relief as the Court deems just and proper.

Respectfully submitted, Date: December 8th, 2025

/ s / Aruna Sampath Wijesinghe Pro Se Defendant 46 Artisan Drive, Unit 2 Smyrna, DE 19977

Email: arunasampath1@gmail.com Phone: 484-838-9988

14