IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>      Plaintiff,<br><br>   v.<br><br>ARUNA WIJESINGHE d/b/a/ "bookdelico.com," and WEBDELICO LLC,<br><br>      Defendant(s). | C.A. No. 25-878-MN |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO MR. WIJESINGHE'S MOTION TO STAY (D.I. 16), AND MOTION IN THE ALTERNATIVE TO STRIKE**

A stay of proceedings with respect to Webdelico LLC is not appropriate at this time. For the reasons below, Plaintiff Global Brother SRL ("Plaintiff") opposes Mr. Wijesinghe's Motion to Stay and moves in the alternative to strike D.I. 16 and attachments from the docket.

**I.    NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff filed the Complaint in this matter on July 15, 2025. (D.I. 1) Plaintiff served Defendant Webdelico LLC ("Webdelico") on September 10, 2025 (D.I. 7) and Defendant Aruna Wijesinghe ("Mr. Wijesinghe") on September 11, 2005 (D.I. 6). Mr. Wijesinghe answered the Complaint on October 21, 2025. (D.I. 10) On November 17, 2025, Mr. Wijesinghe moved the Court for additional time to retain counsel for Webdelico. (D.I. 14) The Court granted the extension, giving the LLC until December 17, 2025 to retain counsel and for that counsel to enter an appearance. (D.I. 15)

On December 11, 2025, Mr. Wijesinghe moved for summary judgment as to Counts I–V of the Complaint as against *both* Mr. Wijesinghe and Webdelico LLC. (D.I. 17; D.I. 18; D.I. 19) Also on December 11, 2025, Mr. Wijesinghe "appearing pro se" filed a motion on behalf of the LLC characterized as a "motion for conditional extension of time to retain counsel for Webdelico

LLC." (D.I. 16 (the "Motion to Stay')) This motion seeks a stay of all proceedings with respect to Webdelico LLC (including retaining counsel) pending resolution of Mr. Wijesinghe's summary judgment motion. (D.I. 16-2, Proposed Order ("2. The deadline for Webdelico LLC to retain counsel and for counsel to enter an appearance is hereby STAYED."))

The December 17, 2025 deadline for counsel to appear for Webdelico LLC has passed, and to date, no attorney has entered an appearance on behalf of the LLC. Correspondingly, as of the date of filing of this brief, the LLC has not answered the Complaint.

On December 23, 2025, Mr. Wijesinghe filed a "Notice of Clarification Regarding Representation" in which he "confirm[ed] that he does not represent the LLC" and stated that he "is actively seeking to retain licensed counsel for Webdelico LLC." (D.I. 20)

## II.  SUMMARY OF ARGUMENT

1.  A stay of proceedings with respect to Webdelico LLC is neither warranted nor appropriate under the relevant *Landis* factors.

2.  Alternatively, because Webdelico LLC may only appear in this Court through licensed counsel, the Motion to Stay filed by Mr. Wijesinghe—a nonlawyer—on behalf of the LLC should be stricken.

## III.  ARGUMENT

Viewing the Motion to Stay as a motion filed by Mr. Wijesinghe in his individual capacity[1] (D.I. 20), this case should not be stayed solely with respect to Webdelico LLC.

---

[1] To the extent that the Court considers the Motion to Stay to be filed by Mr. Wijesinghe on behalf of Defendant Webdelico LLC, Plaintiff respectfully requests the Court to strike the motion as filed by a nonlawyer on behalf of a limited liability company. *See* Section V below.

### A. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts considering a discretionary stay of proceedings consider: (1) hardship to the moving party versus potential damage to others; (2) judicial economy and simplification of issues; (3) duration of the stay; and (4) public interest considerations. *Id.* at 255.

### B. Hardship to the Moving Party Versus Potential Damage to Others

The cost of retaining counsel for the LLC is not a hardship to the moving party. "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Here, the opening brief argues that retaining counsel for Webdelico LLC "would impose significant financial hardship on the business relative to the *de minimus* value of the case." (D.I. 16 at 3) The moving party here is Mr. Wijesinghe. The LLC is a separate legal entity, and the costs incurred by the LLC are immaterial to the burdens on Mr. Wijesinghe. In fact, Mr. Wijesinghe plans to continue litigating the case through dispositive motions. For this argument to have merit and to amount to a burden on Mr. Wijesinghe, the Court would need to treat him and the LLC as a single entity—a request with no legal basis. For this reason, the opening brief does not establish a hardship to the moving party.

Additionally, the financial status of Webdelico LLC is irrelevant to the legal requirement that corporate entities must be represented by counsel in federal court proceedings. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *see also Dougherty v. Snyder*, 469 F. Appx. 71,

3

72 (3d Cir. 2012) (holding that the member of a single-member LLC cannot represent the LLC in court).

Finally, the alleged *de minimus* volume of sales does not reflect the full scope of potential damages or the importance of proper legal representation. If the business truly has such limited resources, this raises questions about whether it can satisfy any judgment and whether it maintains proper corporate formalities that would justify treating it as an entity separate from Mr. Wijesinghe.

### C. Judicial Economy and Simplification of Issues

The opening brief's novel and speculative "derivative" claims theory will not simplify issues as against the LLC, nor will omitting a defendant from dispositive motions promote judicial economy.

#### 1. The Claims Against Webdelico Are Not "Derivative" of the Claims Against Mr. Wijesinghe

The opening brief argues that the claims against both defendants share "the exact same nucleus of facts" and that resolution of Mr. Wijesinghe's dispositive motions will result in dismissal or narrowing of the claims at issue in this litigation. (D.I. 16 at 3–4) The opening brief cites no case law in support of this novel theory that claims as to one defendant are "derivative" of the same claims as against another defendant.

Regardless, the mere commonality of facts does not give Mr. Wijesinghe the ability to essentially dissolve Webdelico LLC as a legal entity and to treat it as his alter ego solely for purposes of this litigation. Courts routinely require each corporate defendant to have separate representation even when claims arise from identical facts. The possibility that Mr. Wijesinghe's dispositive motions might be granted is speculative and does not justify delaying compliance with fundamental procedural requirements. Additionally, although the opening brief posits that Mr.

Wijesinghe's dispositive motions should lead to judgments in favor of both him and the LLC, for that to be true, the motion would have to have been filed on behalf of the LLC and would comprise the unauthorized practice of law, because Mr. Wijesinghe is not an attorney and cannot represent the LLC himself. Thus, even if Mr. Wijesinghe prevails on his dispositive motions and is able to obtain judgment in *his favor* with respect to the claims *against him*, the LLC may still face distinct liabilities that require separate legal analysis and representation.

### 2. Judicial Economy Favors One Set of Dispositive Motions Involving All Defendants

The opening brief further speculates that Mr. Wijesinghe's view of the outcome of dispositive motions with respect to *the claims against him* will promote judicial economy. (D.I. 16 at 4) This approach suggests an inefficient, and inequitable, case schedule allowing two sets of dispositive motions: the first set prior to discovery and with respect to Mr. Wijesinghe only, and a second set of dispositive motions after the close of discovery and involving both defendants. Judicial economy favors requiring proper representation for Webdelico LLC now, in the pending dispositive motions, rather than staying proceedings with respect to the LLC while the Court considers Mr. Wijesinghe's dispositive motions. Corporate entities must be represented by counsel in federal court proceedings.

### D.     Duration of the Stay

The duration of the stay weighs against granting the motion. The opening brief contends resolution of dispositive motions will require a "short, **conditional extension**" (D.I. 16 at 2, ¶ 6 (emphasis in original)) that is actually a requested stay pending resolution of the dispositive motions, (D.I. 16-2). This is a stay of at least several months and only with respect to one defendant.

### E. Public Interest Considerations

This factor weighs against a stay. It is settled law that companies must be represented by counsel in federal court proceedings, and it is in the public interest for all parties to be represented in pending cases.

## IV. CONCLUSION

For the reasons stated above, this case should not be stayed with respect to Defendant Webdelico LLC.

## V. ALTERNATIVELY, THE MOTION TO STAY SHOULD BE STRICKEN

In the alternative, Plaintiff respectfully moves[2] the Court to strike Defendant Webdelico LLC's motion to stay proceedings as to the LLC and accompanying papers filed by Defendant Aruna Sampath Wijesinghe on behalf of the LLC (D.I. 16) on the basis that the motion and accompanying papers were filed by a nonlawyer on behalf of a Delaware LLC. A proposed order is attached as Exhibit 1.

### A. Statement of Facts

The following facts are relevant to Plaintiff's Motion to Strike. First, Mr. Wijesinghe is not a Delaware attorney. *E.g.* Delaware Courts, Judicial Branch, *Attorney Search*, https://rp470541.doelegal.com/vwPublicSearch/Show-VwPublicSearch-Table.aspx (last visited Dec. 19, 2025). Second, as of the filing of this motion, no counsel for Webdelico LLC has entered an appearance on the case docket.

---

[2] Pursuant to Local Rule 7.1.1, the undersigned certifies that he has attempted to meet and confer, including oral communication, with Mr. Wijesinghe concerning the matters set forth in this motion. Mr. Wijesinghe would only respond to telephone messages and emails via email and indicated that he would not withdraw the filing at D.I. 16.

### B. Argument

#### 1. Webdelico LLC May Appear Only Through Licensed Counsel

Federal law permits parties to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The Supreme Court has long held that this provision does not authorize corporations or other artificial entities to appear in federal court without a lawyer. *Rowland*, 506 U.S. at 201–02; *see also Simbraw, Inc. v. United States*, 367 F.2d 373, 373–74 (3d Cir. 1966). Courts apply this rule equally to limited liability companies, including single-member LLCs. *See, e.g., Dougherty*, 469 F. App'x at 72 (holding that a nonlawyer individual member of a single-member LLC could not appear on behalf of the LLC). Defendant Webdelico LLC is a limited liability company and must, therefore, appear through counsel.

#### 2. The Motion to Stay Should Be Stricken

The Motion to Stay expressly seeks relief for Webdelico LLC: a stay of all proceedings with respect to Webdelico LLC including "to retain counsel" until 30 days after the Court rules on Mr. Wijesinghe's dispositive motions. (D.I. 16; D.I. 16-2). The motion is signed and filed only by Mr. Wijesinghe, who appears *pro se* and is not admitted to practice law.

Courts in this District routinely strike or disregard filings made by nonlawyers on behalf of Delaware entities. *E.g., S. African Bunkering & Trading Ltd. v. Labpro Pharma LLC*, 2022 WL 605309, at *1 (D. Del. Jan. 31, 2022) (recommending striking an answer to an amended complaint filed by a nonlawyer representative of the defendants), *report and recommendation adopted,* 2022 WL 1051387 (D. Del. Feb. 18, 2022). For this reason, it is appropriate to strike the Motion to Stay.

| | |
|---|---|
| Dated: December 29, 2025 | Respectfully Submitted, |
| | **SMITH, KATZENSTEIN & JENKINS LLP** |
| *Of Counsel:* | /s/ *Daniel A. Taylor* |
| Jason L. DeFrancesco | Neal C. Belgam (No. 2721) |
| **THE DEFRANCESCO LAW FIRM PLLC** | Daniel A. Taylor (No. 6934) |
| 110 Dungannon Blvd, Suite 101 | 1000 West Street, Suite 1501 |
| Wilmington, NC 28403 | Wilmington, DE 19801 |
| T: (910) 833-5428 | (302) 652-8400 |
| jasond@defrancesco.law | nbelgam@skjlaw.com |
| | dtaylor@skjlaw.com |
| | *Counsel for Plaintiff Global Brother SRL* |