**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>      Plaintiff,<br><br>     v.<br><br>ARUNA WIJESINGHE d/b/a/<br>"bookdelico.com," and WEBDELICO LLC,<br><br>      Defendant(s). | C.A. No. 25-878-MN |

**PLAINTIFF GLOBAL BROTHER SRL'S OPPOSITION TO DEFENDANT ARUNA SAMPATH WIJESINGHE'S MOTION FOR SUMMARY JUDGMENT (D.I. 17) AND, IN THE ALTERNATIVE, REQUEST FOR RELIEF UNDER FED. R. CIV. P. 56(D)**

*Of Counsel:*

Jason L. DeFrancesco
**THE DEFRANCESCO LAW FIRM PLLC**
110 Dungannon Blvd, Suite 101
Wilmington, NC 28403
(910) 833-5428
jasond@defrancesco.law

**SMITH, KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*

Dated: December 29, 2025

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I.      NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 4

II.     SUMMARY OF ARGUMENT ......................................................................... 4

III.    ARGUMENT ............................................................................................... 5

        A.    Defendant's Admissions and the Undisputed Record Preclude Summary
              Judgment ............................................................................................ 5

        B.    Defendant's First-Sale / "Ingram Authorization" Theory Fails or Requires
              Discovery ........................................................................................... 5

        C.    "Automation," "Good Faith," and "No Intent" Do Not Defeat Liability .............. 6

        D.    Summary Judgment Is Procedurally Improper as to Webdelico LLC (Corporate
              Counsel Requirement) ........................................................................... 7

        E.    Rule 56(d) Requires Denial or Deferral Because Essential Facts Are Unavailable
              Pre-Discovery ..................................................................................... 7

IV.     CONCLUSION .......................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*GN Netcom, Inc. v. Plantronics, Inc.*,
278 F. Supp. 3d 824 (D. Del. 2017) ............................................................................. 5

*Leonard v. Stemtech Int'l Inc.*,
834 F.3d 376 (3d Cir. 2016) ........................................................................................ 6

*Tom Hussey Photography, LLC v. BDG Media, Inc.*,
2020 WL 7481770 (D. Del. Dec. 18, 2020) ................................................................ 6

*Transportes Aereos de Angola v. Ronair, Inc.*,
104 F.R.D. 482 (D. Del. 1985) .................................................................................... 7

**Statutes**

17 U.S.C. § 106(3) ..................................................................................................... 5, 6

17 U.S.C. § 109(a) ......................................................................................................... 5

17 U.S.C. § 501 .............................................................................................................. 6

17 U.S.C. § 504(c) ......................................................................................................... 6

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Defendant Aruna Sampath Wijesinghe ("Defendant") seeks summary judgment before the Rule 26(f) conference and before any discovery has occurred, based largely on assertions about upstream authorization and "first sale" that are not established on this record. (D.I. 17 (the "Motion for Summary Judgment" or "MSJ"))

Defendant also seeks merits relief while attempting to excuse Defendant Webdelico LLC's ("Webdelico LLC") compliance with the settled rule that a corporate entity must appear through licensed counsel.

Plaintiff Global Brother SRL ("Plaintiff") opposes the Motion for Summary Judgment. The MSJ should be denied or, at minimum, deferred under Rule 56(d).

## II.    SUMMARY OF ARGUMENT

1.    Summary judgment is improper under Rule 56(a) because Defendant admits conduct constituting unauthorized distribution and cannot eliminate genuine disputes regarding authorization and "lawfully made" status of the copies sold. First sale under 17 U.S.C. § 109(a) applies only to "lawfully made" copies, and the burden to establish that prerequisite rests squarely with Defendant, who has produced no competent evidence of authorization on this record. Assertions of "automation," "good faith," and "lack of intent" do not defeat liability and, at most, relate to damages issues that are premature for resolution at this stage.

2.    Summary judgment is independently procedurally improper as to Webdelico LLC because a corporate entity may litigate only through counsel; it should not be permitted to obtain dispositive merits relief while refusing to appear through an attorney. That principle is not academic. Courts routinely dismiss corporate claims or enter default where an entity fails to retain counsel after notice, precisely because the case cannot fairly proceed to merits adjudication under those conditions. Even if the Court were inclined to reach the merits, Rule 56(d) independently

requires denial or deferral because Plaintiff lacks access to essential facts, including authorization, chain-of-distribution, sales volume, revenues, and damages-related facts, that are solely within Defendants' control or that of third parties such as Ingram.

## III.    ARGUMENT

### A.    Defendant's Admissions and the Undisputed Record Preclude Summary Judgment

Rule 56(a) permits judgment only where the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *GN Netcom, Inc. v. Plantronics, Inc.*, 278 F. Supp. 3d 824, 827 (D. Del. 2017). Defendant admits that he controlled the storefront that offered for sale and sold copies incorporating Plaintiff's protected works, and that he lacked authorization from Plaintiff to do so. Those admissions alone preclude summary judgment on liability. Plaintiff need only establish ownership of a valid copyright and unauthorized copying or distribution, and unauthorized distribution is among the exclusive rights protected by 17 U.S.C. § 106(3). On this record, Defendant cannot establish, and certainly cannot eliminate factual dispute over, the authorization and "lawfully made" predicates he invokes. Unauthorized distribution is therefore, at minimum, a triable issue.

### B.    Defendant's First-Sale / "Ingram Authorization" Theory Fails or Requires Discovery

Section 109(a) of the Copyright Act applies only to the owner of a particular copy that was "lawfully made." The burden of proving lawful manufacture and authorized entry into commerce rests with Defendant. Defendant offers no competent evidence that Ingram—or any upstream supplier—was authorized by Plaintiff to distribute the works at issue. No license, distribution

agreement, declaration, or chain-of-title evidence has been produced. At best, Defendant raises a fact-intensive defense that cannot be resolved without discovery.

      **C.**    **"Automation," "Good Faith," and "No Intent" Do Not Defeat Liability**

Defendant's assertions that sales occurred "automatically," or that he acted in "good faith," do not defeat liability for unauthorized distribution. Copyright liability does not turn on a defendant's intent, knowledge, or subjective good faith; at most, those considerations bear on remedies. *See Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386 (3d Cir. 2016) (explaining the infringement elements and focusing liability on ownership and unauthorized copying, not intent).

Nor does "automation" negate the required causal connection for direct infringement. In this District, the "volitional conduct" requirement addresses causation, not intent. *Tom Hussey Photography, LLC v. BDG Media, Inc.*, 2020 WL 7481770, at *2–3 (D. Del. Dec. 18, 2020). There, dismissal was warranted because the complaint alleged only that the defendant acquired a website that already contained infringing content and then passively maintained it—an omission that did not plausibly allege the defendant caused the infringing display. *Id.* The court emphasized that the inquiry is whether the defendant's conduct can be said to have caused the infringement, not whether the defendant acted with wrongful intent. *Id.*

That framework defeats Defendant's position here. Defendant admits he operated and controlled the storefront, offered the accused works for sale, and completed transactions resulting in distribution. A catalog feed or automated listing mechanism is simply the operational method by which Defendant executed sales through a channel he owned and controlled. It does not break causation. On this record, Defendant's "automation," "good faith," and "no intent" arguments do not eliminate triable issues of infringement and do not support summary judgment on liability

under 17 U.S.C. §§ 106(3) and 501. At most, such arguments implicate damages issues under 17 U.S.C. § 504(c), after discovery.

### D.    Summary Judgment Is Procedurally Improper as to Webdelico LLC (Corporate Counsel Requirement)

Webdelico LLC is a named defendant, and it is settled law that a corporate entity may appear in federal court only through licensed counsel. Webdelico has not complied with that requirement despite notice and the Court's prior directives. Under these circumstances, it is procedurally improper for Webdelico LLC to seek—or to obtain the benefit of—dispositive merits relief while refusing to appear through counsel.

Courts in this District enforce the corporate-counsel requirement precisely because a case cannot fairly proceed to merits adjudication when a corporate party is legally incapable of appearing. In *Transportes Aereos de Angola v. Ronair, Inc.*, 104 F.R.D. 482, 505–06 (D. Del. 1985), the court dismissed the corporation's affirmative claims for failure to prosecute and directed entry of default on counterclaims after the entity failed to retain counsel following warning. The same enforcement logic applies here. Webdelico LLC's nonappearance through counsel independently requires denial of any dispositive merits relief as to Webdelico LLC, and the Court should enforce the counsel requirement before entertaining summary judgment on behalf of, or for the benefit of, the LLC (as continued noncompliance may warrant sanctions under D. Del. LR 1.3).

### E.    Rule 56(d) Requires Denial or Deferral Because Essential Facts Are Unavailable Pre-Discovery

Even if the Court reaches the merits, Federal Rule of Civil Procedure 56(d) authorizes denial, deferral, or other appropriate relief where the nonmovant "cannot present facts essential to justify its opposition." Plaintiff has submitted the Decl. DeFrancesco, which identifies the specific

discovery sought, explains how it bears on the issues raised in Defendant's Motion, and confirms why those facts are unavailable at this pre-discovery stage.

This is not a request for open-ended discovery. Plaintiff seeks targeted discovery on facts central to liability and remedies and largely within Defendants' (and key third parties') possession, including: (i) authorization and chain-of-distribution (including third-party discovery from Ingram and upstream suppliers); (ii) the full scope of infringing listings, offers, and sales (not limited to the claimed "two copies"); (iii) revenues/profits and statutory-damages factors; and (iv) notice, control over catalog feeds/listings, and post-notice conduct. Without this evidence, Plaintiff cannot fairly test Defendant's claimed authorization/first-sale narrative, evaluate the true scope of distribution, or develop an adequate record on damages and willfulness.

"It is well established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Shelton v. Bledsoe*, 775 F.3d 554, 565 (3d Cir. 2015) (internal quotation marks and alterations omitted) (citation omitted). Accordingly, the Motion should be denied or, at minimum, deferred to permit targeted discovery consistent with Rule 56(d) and the Decl. DeFrancesco.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) DENY Defendant's Motion for Summary Judgment; or, alternatively, (2) DEFER consideration and permit discovery under Fed. R. Civ. P. 56(d); and (3) enforce the requirement that Webdelico LLC appear through counsel before further merits adjudication.

Dated: December 29, 2025

*Of Counsel:*

Jason L. DeFrancesco
**THE DEFRANCESCO LAW FIRM PLLC**
110 Dungannon Blvd, Suite 101
Wilmington, NC 28403
T: (910) 833-5428
jasond@defrancesco.law

Respectfully Submitted,

**SMITH, KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*