## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>       Plaintiff,<br><br>   v.<br><br>ARUNA WIJESINGHE d/b/a/ "bookdelico.com,"<br>and WEBDELICO LLC,<br><br>       Defendant(s). | C.A. No. 25-878-MN |

### DECLARATION OF JASON L. DEFRANCESCO IN SUPPORT OF PLAINTIFF'S REQUEST FOR RELIEF UNDER FED. R. CIV. P. 56(D)

I, Jason L. DeFrancesco, declare as follows:

1.     I am counsel for Plaintiff Global Brother SRL and have personal knowledge of the facts stated herein and submit this declaration in support of Plaintiff's request for relief under Federal Rule of Civil Procedure 56(d).

2.     Defendant Aruna Sampath Wijesinghe has moved for summary judgment at a time when discovery has not opened. No Rule 26(f) conference has occurred, no scheduling order has been entered, and Plaintiff has not had the opportunity to take discovery from Defendants or relevant third parties.

3.     Plaintiff currently lacks access to facts essential to opposing Defendant's motion for summary judgment, including but not limited to the following categories of discovery:

    a. Authorization and chain-of-distribution evidence, including whether Ingram Content Group or any upstream distributor was authorized by Plaintiff Global Brother SRL to manufacture, distribute, or sell the specific copies of the works Defendant sold;

b. Transactional and sourcing records, including invoices, purchase orders, distributor agreements, and communications reflecting the origin and authorization status of the copies sold by Defendant;

c. Scope of infringement, including the full number of listings, offers for sale, and sales of Plaintiff's works (not limited to Defendant's claimed de minimis sales);

d. Metadata and catalog control, including Defendant's ability to select, exclude, modify, or remove listings obtained through automated feeds;

e. Notice, knowledge, and post-notice conduct, including Defendant's communications with suppliers and platforms after receiving infringement notices;

f. Damages-related facts, including gross revenues, profits, costs, disgorgement, and statutory-damages factors.

4.     These facts are unavailable to Plaintiff at this time because they are uniquely within Defendants' possession, custody, or control, or within the possession of third parties such as Ingram Content Group, and Plaintiff has not yet been permitted to obtain discovery.

5.     The missing discovery identified above is essential to opposing Defendant's motion. In particular, Defendant's summary judgment motion depends on the assertion that the copies sold were "lawfully made" and authorized for distribution. Evidence concerning authorization, chain-of-distribution, and scope of infringement will directly rebut that assertion and establish genuine disputes of material fact. Ingram is not an authorized distributor.

6.     Without discovery on these issues, Plaintiff cannot fairly or fully present facts necessary to oppose Defendant's motion for summary judgment.

7.     Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion for summary judgment or, alternatively, defer consideration of the motion and permit discovery pursuant to Federal Rule of Civil Procedure 56(d).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of December, 2025.

*/s/ Jason L. DeFrancesco*

Jason L. DeFrancesco