IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>       Plaintiff,<br><br>    v.<br><br>ARUNA WIJESINGHE d/b/a/ "bookdelico.com," and WEBDELICO LLC,<br><br>       Defendant(s). | C.A. No. 25-878-MN |

**PLAINTIFF GLOBAL BROTHER SRL'S RESPONSE TO DEFENDANT ARUNA SAMPATH WIJESINGHE'S STATEMENT OF UNDISPUTED MATERIAL FACTS (D.I. 18) IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT (D.I. 17)**

*Of Counsel:*

Jason L. DeFrancesco
**THE DEFRANCESCO LAW FIRM PLLC**
110 Dungannon Blvd, Suite 101
Wilmington, NC 28403
(910) 833-5428
jasond@defrancesco.law

**SMITH, KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*

Dated: December 29, 2025

Plaintiff Global Brother SRL ("Plaintiff") responds to Defendant Aruna Sampath Wijesinghe's purported Statement of Undisputed Material Facts (D.I. 18) as follows. Any fact not expressly admitted is disputed.

### ARUNA SAMPATH WIJESINGHE'S STATEMENT OF UNDISPUTED MATERIAL FACTS

**MR. WIJESINGHE'S STATEMENT OF MATERIAL FACT #1:**

1.  **Identity and Scope:** Defendant operates "bookdelico.com" under Webdelico LLC, a registered Delaware business with a valid license. *(Exhibit* C). Defendant does not author, print, manufacture, or publish books.

**PLAINTIFF'S RESPONSE TO PARAGRAPH 1:**

**Undisputed.** Defendant Wijesinghe admits that he operated and controlled the website *bookdelico.com* and conducted sales through that storefront.

**MR. WIJESINGHE'S STATEMENT OF MATERIAL FACT #2:**

2.  **Sourcing of Allegedly Infringing Titles:** Plaintiff accuses Defendant of distributing two titles: *Forgotten Home Apothecary* and *The Lost Book of Herbal Remedies*. Defendant only purchased and sold two copies of a single title: *The Best Home Apothecary: 500 Forgotten Remedies*. These copies were legally sourced from Ingram Content Group *(Exhibit A)* and Barnes & Noble *(Exhibit B)*. No other titles referenced in the Complaint were ever purchased, sold, or stocked by Defendant. Listings for Plaintiffs titles appeared on the website passively and automatically via Ingram's bulk catalog feed.

**PLAINTIFF'S RESPONSE TO PARAGRAPH 2:**

**Disputed.** Absent discovery, Plaintiff cannot verify this statement. (D.I. 22-1 at ¶ 3)

**MR. WIJESINGHE'S STATEMENT OF MATERIAL FACT #3:**

3. **De Minimis Sales:** Only two copies were ever sold, totaling $78.69 in revenue. No profit was realized after wholesale cost and fees. (**Exhibit D**). Plaintiff's other asserted works were never sold, purchased, or shipped.

**PLAINTIFF'S RESPONSE TO PARAGRAPH 3:**

**Disputed.** "De minimis." The characterization of Defendant's conduct as "de minimis" is disputed and is a legal conclusion. Sales volume or profit does not negate infringement and, at most, bears on damages. Statutory damages are assessed per work infringed, subject to the Court's findings, with an upper tier up to $150,000 per work for willfulness.

**MR. WIJESINGHE'S STATEMENT OF MATERIAL FACT #4:**

4. **Immediate Compliance:** Upon receiving Trademark Notice #1, Trademark Notice In, and the DMCA Notice, Defendant removed all listings the same day and informed plaintiff about the removal via email. (**Exhibits G, H, I** - Shopify notices; **Exhibit J** email to plaintiff confirming the removal; Exhibits K-L screenshots showing that disputed titles no longer appear on the site). Defendant never re-listed or sold Plaintiff's works thereafter.

**PLAINTIFF'S RESPONSE TO PARAGRAPH 4:**

**Disputed.** "Immediate compliance." Any post-notice takedown does not cure prior infringement. Moreover, suit was required based on the original counter-notice posture; later removal does not undo liability.

**MR. WIJESINGHE'S STATEMENT OF MATERIAL FACT #5:**

5.    **Withdrawal of Shopify Responses and Counter-Notice:** Defendant initially responded to Trademark Notice #1 (**Exhibit O** - Shopify standard response) and the DMCA Notice (**Exhibit M** - Shopify-auto-generated counter-notice) using Shopify's standard counter notice form (**Exhibit Ma**) solely to prevent store suspension, not to dispute Plaintiff's ownership rights. Both were later withdrawn at Plaintiff's request. On September 11, 2025, Shopify confirmed the withdrawal and confirmed Plaintiff was notified. (**Exhibit N** - Shopify confirmation of counter notice withdrawal; **Exhibit P** - Shopify confirmation of trademark response withdrawal). These voluntary withdrawals demonstrate continuous good faith.

**PLAINTIFF'S RESPONSE TO PARAGRAPH 5:**

**Disputed.** Withdrawal / counter-notice. (*See* D.I. 17-2 Exs. M, Ma, N). In any event, withdrawal is moot as to liability and filing necessity; the original counter-notice triggered the need to sue.

**MR. WIJESINGHE'S STATEMENT OF MATERIAL FACT #6:**

6.    **Lack of Willfulness and Good Faith:** The listing of the titles resulted solely from the automated, bulk-listing process from the Ingram catalog to the Shopify website. Defendant Wijesinghe did not have actual or constructive knowledge of the specific titles until receiving notice. Any use was unintentional and done without reason to believe the genuine titles constituted infringement. (See **Exhibit E-F**: Screenshot of Ingram data highlighting EANs).

**PLAINTIFF'S RESPONSE TO PARAGRAPH 6:**

**Disputed**. Willfulness. Willfulness is not an element of infringement and is relevant, if at all, to damages.

**MR. WIJESINGHE'S STATEMENT OF MATERIAL FACT #7:**

7.  **Plaintiff's Possession of Evidence:** On November 6, 2025, Defendant voluntarily provided Plaintiff with copies of the invoices from Ingram Content Group and Barnes & Noble, as well as sales records confirming the *de minimis* volume. Plaintiff has been in possession of this dispositive evidence for approximately one month. (See **Exhibit Q**: Email correspondence).

**PLAINTIFF'S RESPONSE TO PARAGRAPH 7:**

**Disputed**. Ingram sourcing. Defendant has produced no competent evidence that Ingram (or any upstream supplier) was authorized by Plaintiff to distribute the works. (*See* D.I. 22-1 at ¶ 5)

**MR. WIJESINGHE'S STATEMENT OF MATERIAL FACT #8:**

8.  **Widespread Retail and Wholesale Availability:** The titles Plaintiff alleges are "infringing" are currently listed for sale by major U.S. retailers, including Barnes & Noble and Walmart, and remain listed by the major U.S . distributor Ingram Content Group. This confirms that the books are part of the standard wholesale catalog provided by major distributors. (See **Exhibit R**: Current screenshots of retailer and distributor listings)

**PLAINTIFF'S RESPONSE TO PARAGRAPH 8:**

**Disputed.** Other retailers. The existence of authorized retailers does not establish that Defendant or his sources were authorized and does not negate Defendant's distribution through a storefront he controlled. (*See generally* D.I. 22-1)

| | |
|---|---|
| Dated: December 29, 2025 | Respectfully Submitted, |
| | **SMITH, KATZENSTEIN & JENKINS LLP** |
| *Of Counsel:* | |
| | /s/ *Daniel A. Taylor* |
| Jason L. DeFrancesco | Neal C. Belgam (No. 2721) |
| **THE DEFRANCESCO LAW FIRM PLLC** | Daniel A. Taylor (No. 6934) |
| 110 Dungannon Blvd, Suite 101 | 1000 N. West Street, Suite 1501 |
| Wilmington, NC 28403 | Wilmington, DE 19801 |
| T: (910) 833-5428 | (302) 652-8400 |
| jasond@defrancesco.law | nbelgam@skjlaw.com |
| | dtaylor@skjlaw.com |
| | |
| | *Counsel for Plaintiff Global Brother SRL* |