## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GLOBAL BROTHER SRL,

                     Plaintiff,

   v.

ARUNA WIJESINGHE and
WEBDELICO LLC,

                 Defendants.

C.A. № 25-00878-MN

## REPLY BRIEF OF DEFENDANTS ARUNA WIJESINGHE AND WEBDELICO LLC TO THE MOTION FOR SUMMARY JUDGMENT

1

## TABLE OF CONTENTS

I.    Nature and Stage of Proceedings ........................................................................ 4

II.   Argument............................................................................................................. 4

   A.   Plaintiff Fails To Include Evidence Of One Of The "Infringing Works"
   Which When Analyzed Shows That There Is A Lack Similarity Or Possibility Of
   Confusion Between The Works. ........................................................................... 4

   B.   Plaintiffs Count I Fails *Ab Initio* Because The Copyrighted Work Was Not
   Sold By Defendant And The Work In Question Does Not Infringe...................... 6

   C.   The Plaintiff Has Not Properly Proved The "Volitional Act" Requirement
   And Therefore Cannot Make Out A Case For Liability. ....................................... 7

   D.   Sufficient Facts are Present for the Court to Make a Determination at This
   Time. .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v.* Iqbal, 556 U.S. 662, 679 (2009) ................................................................... 6

*Harold Lloyd Corp. v. Witwer,* 65 F.2d 1 .................................................................... 6

*Oxford Book Co. v. College Entrance Book Co.,* 98 F.2d 688, 691 (2nd CA 1938) ....... 7

*Stratchborneo v. Arc Music Corp.,* 357 F. Supp. 1393 .................................................. 6

*Tom Hussey Photography, LLC v. BDG Media, Inc* 2020 U.S. Dist. LEXIS 238433
   (D. Del. Dec. 18, 2020) ......................................................................................... 7

## I.   Nature and Stage of Proceedings

Defendants, Aruna Wijesinghe ("Wijesinghe") and Webdelico LLC ("Webdelico" together with Wijesinghe "Defendants"), by and through their undersigned counsel hereby submit their reply to the Motion for Summary Judgment filed by Wijesinghe *pro se* on December 11, 2025 (D.I. 17). Plaintiff responded to the Motion on December 29, 2025 (D.I. 22). Counsel for Webdelico entered their appearance on December 31, 2025, and for all Defendants on January 5, 2026. D.I.'s 24[1] & 25.

Defendants file this brief jointly and in so doing Webdelico joins in the original motion for summary judgment as filed by Wijesinghe.

## II.   Argument

### A. Plaintiff Fails To Include Evidence Of One Of The "Infringing Works" Which When Analyzed Shows That There Is A Lack Similarity Or Possibility Of Confusion Between The Works.

Plaintiffs make a claim for "The Forgotten Home Apothecary" by Nicole Apelian. *See* D.I. 1 at 5-9. This claim is leveled against a work titled "Home Apothecary: 500 Forgotten Powerful Remedies" by Susan Nicole. *Id.* These two books profess to provide a different number of remedies, 250 for the Plaintiff's work and 500 for the accused work, and have a different visual style to their covers.

---

[1] Entry of counsel on behalf of Webdelico mooted (D.I. 26) a motion filed contemporaneously with the Motion for Summary Judgment styled *Defendant Aruna Sampath Wijesinghe's Motion for Conditional Extension of Time to Retain Counsel for Webdelico LLC* (D.I. 16). Plaintiffs had filed an answer to that motion (D.I. 21). It is assumed that with the appearance of counsel and the joinder of the Motion for Summary Judgment moots the argument in Plaintiff's answering brief dealing with the corporate counsel requirement. *See*, D.I. 22 at 7.

Below is a picture of the cover of the Work Plaintiff is claiming is being infringed upon:



And for contrast the work that Plaintiffs claim was infringing:



In addition to the obvious differences in visual style, the notion that a work could be

infringing when it offers double the remedies of another work is preposterous.

5

**B. Plaintiffs Count I Fails *Ab Initio* Because The Copyrighted Work Was Not Sold By Defendant And The Work In Question Does Not Infringe**

In Count I of the Complaint Plaintiff limits their claim for infringement on copyright to only "The Lost Book of Herbal Remedies II." D.I. 1 at 12. They bring this claim under 17 U.S.C. §501.

This Claim I for copyright infringement fails because similar works are not necessarily infringing if they are arrived at separately. *See*, *Stratchborneo v. Arc Music Corp.*, 357 F. Supp. 1393, 1402 ("Proof of copying is basic to any claim of infringement. Idential works, which these are not, could, if independently created, each receive statutory copyright protection, and each withstand charges, by the other, of infringement."), *Harold Lloyd Corp. v. Witwer,* 65 F.2d 1, 4 ("the law imposes no prohibition upon those who, without copying, independently arrive at the precise combination of words or notes which have been copyrighted."). No such facts are alleged here to contradict the possibility that these were similarly arrived at titles. This fails the basic pleading standard that requires the Plaintiff allege facts in the Complaint that are sufficient to show "a plausible claim for relief. *Ashcroft v.* Iqbal, 556 U.S. 662, 679 (2009). Without any actual facts presented as to the similarity of the books by Plaintiff. Count I only deals with the book that Plaintiff chose not to include a picture of. The finding of infringement is not only important to the first Count but to the remainder of the complaint as well. If Count I were to be dismissed for a lack of infringement, then it would near fatally prejudice all other claims as well.

Producing a non-fiction book such as these that are the subject of the case are difficult to copyright completely as "the subject matter is of necessity what events have made it and the order of treatment whether that be chronological or topical is fixed by the facts." *Oxford Book*

*Co. v. College Entrance Book Co.,* 98 F.2d 688, 691 (2nd CA 1938). Whether the Court is a believer in holistic medicine or not the use of herbal remedies is a matter of historical record and scientific fact in so far as the properties of the plants discussed are concerned. The similarity between these books that discuss factual information cannot be infringing on copyright as they are facts and therefore are not subject to copyright.

This same argument should be applied to the other work that Plaintiff bases their complaint on. The topic of the book is factual in the same way, and the titles are also unique to one another. Compl. at 9. The featured plant on the cover above the author's name is different, as is the sub-title. *Id.* This work does not infringe on Plaintiff's rights and therefore this case should be dismissed with prejudice.

C. **The Plaintiff Has Not Properly Proved The "Volitional Act" Requirement And Therefore Cannot Make Out A Case For Liability.**

Plaintiff cites to *Tom Hussey Photography, LLC v. BDG Media, Inc* 2020 U.S. Dist. LEXIS 238433 (D. Del. Dec. 18, 2020) to claim that a volitional act was made by Defendants. However, the facts as accepted by both sides place this case as justifying Summary Judgment or Dismissal. Plaintiff accepts that Defendant has purchased the catalog from Ingram and is using it automatically on its website. Plaintiff then argues that this is a reason to attribute a volitional act to Defendants. D.I. 22 at 6-7. However, the distinction made by Plaintiff does not change that *Tom Hussey Photography* applies to this case. The act of purchasing the catalog does not make the purchaser responsible for its contents *in toto*, particularly where the Defendant is not responsible for the initial act of display. *Tom Hussey Photogaraphy* 2020 U.S. Dist. LEXIS 238433 at *6-7. The creation of the catalog purchased by Defendants and making it available for

7

sale would be the initial display. The catalog is a static thing presented to the purchaser which is then clothed in ownership attributed to the Defendant, much as the website was for the purchaser in *Tom Hussey Photography*. *Id.* at 5-6. The act of purchasing and displaying was found to not be a reason to hold liability against the Defendant in that case nor should it be in this case either. *Id.* at 9.

The correct analysis above demonstrates that despite Plaintiff's insistence on Discovery, it is not needed. D.I. 22 at 5. There is no Bonafide issue of fact as to the current motion dealing with Plaintiff's pleading obligations and whether there is a triable issue in this case. The Plaintiff accepts as a fact the only operative counter allegation made by Defendants so far as to the details of the case. That is that Defendants purchased a catalog of books to sell on their website. Plaintiffs believe that fact is a volitional act, but the precedent above from *Tom Hussey Photography* is on point and makes this case ripe for dismissal. The Court need not look further at this time.

**D. Sufficient Facts are Present for the Court to Make a Determination at This Time.**

Despite Plaintiff's request that additional discovery be ordered the Court may rule out any claim that is factually unsupportable. Given that one of the works does not resemble the copyright owned by the Plaintiff and all works concerned here are based on factual statements about homeopathic remedies without a claim of any actual copying of content or organization. The Court should grant the Summary Judgment Motion in favor of the Defendants.

**O'KELLY & O'ROURKE, LLC**

*/s/Daniel P. Hagelberg*
Daniel P. Hagelberg, Esq. (No. 6813)
824 N. Market Street
Suite 1001A
Wilmington, DE 19801
(302) 778-4000
dhagelber@okorlaw.com
*Attorney for Defendant Webdelico, LLC*

Dated: March 2, 2026

## CERTIFICATE OF SERVICE

I, Daniel P. Hagelberg, hereby certify that on March 2, 2026, I caused a true and correct

copy of the foregoing Reply to Defendant's Summary Judgment Motion to be served upon the

following individuals in the manner indicated below:

VIA PACER:

**Smith, Katzenstein & Jenkins LLP**
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com


**THE DEFRANCESCO LAW FIRM PLLC**
Jason L. DeFrancesco
110 Dungannon Blvd, Suite 101
Wilmington, NC 28403
(910) 833-5428
jasond@defrancesco.law