IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARUNA WIJESINGHE d/b/a/<br>"bookdelico.com," and WEBDELICO LLC,<br><br>　　　　Defendants. | C.A. No. 25-878-MN |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (D.I. 17)**

Plaintiff Global Brother SRL ("Global Brother" or "Plaintiff"), by and through its undersigned counsel, respectfully moves the Court for leave to file a Sur-Reply Brief in further response to Defendants Aruna Wijesinghe ("Mr. Wijesinghe") and Webdelico LLC ("Webdelico") (collectively, "Defendants") Motion for Summary Judgment (the "Motion"). (D.I. 17).

**PROCEDURAL BACKGROUND**

Plaintiff filed the Complaint in this matter on July 15, 2025. (D.I. 1.) Plaintiff served Webdelico on September 10, 2025. (D.I. 7.) The return of service reflects that Webdelico was served through its registered agent, Harvard Business Services, Inc., by service on Allison Rathmanner on September 10, 2025, at 2:52 p.m. (*Id.* at 2.) Webdelico's answer or Rule 12 response was due on October 1, 2025, but Webdelico did not answer or otherwise respond to the Complaint. Plaintiff served Mr. Wijesinghe on September 11, 2025. (D.I. 6). On October 14, 2025, Mr. Wijesinghe filed a motion for leave to file a late Answer. (D.I. 8). Plaintiff did not oppose this motion. (D.I. 9). Mr. Wijesinghe's Answer was docketed on October 21, 2025. (D.I. 10).

On November 3, 2025, Mr. Wijesinghe filed a motion for limited administrative relief, asking the Court for additional time for Webdelico to retain counsel. (D.I. 13). Plaintiff did not

oppose this motion. (D.I. 14). The Court granted Webdelico until December 17, 2025 to retain counsel. (D.I. 15).

Mr. Wijesinghe, originally appearing *pro se*, filed the Motion on December 11, 2025. (D.I. 17). At the time, Webdelico was unrepresented, and also on December 11, 2025, Mr. Wijesinghe moved to grant additional time for Webdelico to retain counsel and to "STAY the deadline for counsel to enter an appearance until 30 days after the Court issues its decision on Defendant's Motion for Summary Judgment." (D.I. 16 (emphasis omitted)).

On December 29, 2025, Plaintiff opposed the motion to stay and moved to strike the motion as filed by a nonlawyer. (D.I. 21). Also on December 29, 2025, Plaintiff opposed the Motion. (D.I. 22 (answering brief); D.I. 23 (answering counteratement of facts)).

On December 31, 2025, counsel for Webdelico entered an appearance. (D.I. 24). In view of this appearance, on January 5, 2026, the Court denied the motion to stay (D.I. 16) as moot. (D.I. 26 (Oral Order)).

Thereafter, on January 5, 2026, counsel for Webdelico also entered an appearance on behalf of Mr. Wijesinghe. (D.I. 25). That day, with Defendants Webdelico and Mr. Wijesinghe represented by counsel, the parties stipulated and agreed (D.I. 27), and on January 6, 2026, the Court Ordered:

> 1. Defendant, Aruna Wijesinghe, shall file his reply to the Motion for Summary Judgment on or before Monday, January 12, 2026.
>
> 2. Defendant, Webdelico LLC, shall notify the Court by motion or filing of its intention to join the Motion for Summary Judgment and any reply thereto on or before Monday, January 12, 202[6]. Any such joinder shall be without prejudice to Plaintiffs' arguments, including as to the propriety, timing, and scope of summary judgment and Plaintiffs' request for relief under Rule 56(d).

3.      Plaintiffs reserve all rights and all arguments as to the Motion for Summary Judgment, including any procedural, timing, or Rule 56(d) objections.

**4.      Subject to any new or additional arguments raised by Webdelico LLC, Plaintiffs shall have the right to respond thereto.**

(D.I. 28 (emphasis added)).

On January 12, 2026, Mr. Wijesinghe did not file his reply brief on the Motion. Also, on January 12, 2026, Webdelico did not notify the Court of its intention to join the Motion.  On January 20, 2026, counsel for Defendants filed a letter on the docket purporting to represent both Plaintiff and Defendants and stating that "[t]he parties have agreed to suspend briefing on [the Motion] and intended to file a stipulation with the Court." (D.I. 29). In this letter, counsel for Defendants made representations concerning "settlement discussions" and stated "[t]he parties will keep the Court appraised of the fruitfulness of those discussions and remain available to the Court for any and all questions." (*Id.*).

On March 2, 2026, some seven weeks after the January 12 deadline, Webdelico joined the Motion, and Defendants jointly filed their reply brief on the Motion. (D.I. 30). This reply brief presents wholly new arguments and citations to case law not previously presented. (*Id.* at 4–7 (Sections II.A. and II.B.)). Webdelico's belated joinder is especially notable because, despite having been served on September 10, 2025 (D.I. 7), Webdelico has not answered or otherwise responded to the Complaint.

## ARGUMENT

Plaintiff requests the opportunity to file a sur-reply brief, a copy of which is attached hereto as Exhibit A. Under the Local Rules, once a reply brief has been filed, "[e]xcept for the citation of subsequent authorities, no additional papers shall be filed absent Court approval." D. Del. LR 7.1.2(b). Additionally, "[t]he party filing that opening brief shall not reserve material for the reply

3

brief which should have been included in a full and fair opening brief." *Id.* 7.1.3(c)(2). The parties have also agreed by stipulation that "[s]ubject to any new or additional arguments raised by Webdelico LLC, Plaintiffs shall have the right to respond thereto." (D.I. 28). Here, Webdelico (and Defendants collectively) have raised new arguments in the reply brief on the Motion. (D.I. 30 at 4–7). Therefore, Plaintiff should have an opportunity to respond. (*See* Exhibit A (proposed sur-reply brief)). That is particularly so where Webdelico was served on September 10, 2025, did not answer or otherwise respond to the Complaint, yet purports to join the Motion only in the March 2, 2026 reply brief. (D.I. 7; D.I. 30.)

Plaintiff has sought Defendants' agreement to a sur-reply brief through stipulation, but Defendants oppose the request. The undersigned certifies, pursuant to Local Rule 7.1.1 that the parties have met and conferred on this matter, and Defendants continue to oppose this motion.

Dated: March 20, 2026

*Of Counsel:*

Jason L. DeFrancesco
**THE DEFRANCESCO LAW FIRM PLLC**
110 Dungannon Blvd, Suite 101
Wilmington, NC 28403
T: (910) 833-5428
jasond@defrancesco.law

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*