# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLOBAL BROTHER SRL,

　　　　　Plaintiff,

　　v.

ARUNA WIJESINGHE d/b/a/
"bookdelico.com," and WEBDELICO LLC,

　　　　　Defendant(s).

C.A. No. 25-878-MN

**PLAINTIFF GLOBAL BROTHER SRL'S SUR-REPLY BRIEF IN FURTHER
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (D.I. 17)**

*Of Counsel:*

Jason L. DeFrancesco
**THE DEFRANCESCO LAW
FIRM PLLC**
110 Dungannon Blvd, Suite 101
Wilmington, NC 28403
(910) 833-5428
jasond@defrancesco.law

**SMITH, KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*

Dated: March 20, 2026

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... iii

I.    SUMMARY OF ARGUMENT ..................................................................................... 1

II.   ARGUMENT .................................................................................................................. 1

    A.    Defendants' New Arguments Raised For The First Time In Their Reply Should Be Disregarded .......................................................................................... 1

    B.    Defendants' New "Substantial Similarity" Argument Misstates The Law And Is Irrelevant To The Claims At Issue ............................................................ 2

    C.    Defendants' Assertion That Plaintiff Failed To Include Evidence Of One Work Does Not Support Summary Judgment .................................................... 3

    D.    Defendants' "Independent Creation" Theory Is Factually Unsupported ............... 4

    E.    Defendants Mischaracterize The Factual Record ................................................... 4

    F.    Defendants' "Volitional Act" Argument Misapplies The Law ............................. 4

    G.    Defendants' Reply Confirms That Discovery Is Necessary .................................. 5

III.  CONCLUSION ............................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Britt v. Diamond Materials,* LLC,
2025 WL 2661784 (D. Del. 2025) ................................................................................................ 2

*Farris v. Moeckel*,
664 F. Supp. 881 (D. Del. 1987).................................................................................................. 5

*Feist Publications, Inc. v. Rural Telephone Service Co.*,
499 U.S. 340 (1991)...................................................................................................................... 3

*In re Allied Sys. Holdings*,
2016 U.S. Dist. LEXIS 43253 (Bankr. D. Del. 2016) ................................................................. 2

*Mirtech, Inc. v. AgroFresh, Inc.*,
2024 WL 4527341 (D. Del. 2024) ............................................................................................... 2

## I.   SUMMARY OF ARGUMENT

Plaintiff Global Brother SRL respectfully submits this sur-reply brief to address new arguments and mischaracterizations raised in Defendants' Reply Brief. (D.I. 30).

1.   Defendants' reply introduces several arguments that were not raised in their Motion for Summary Judgment (D.I. 17), including assertions regarding alleged lack of similarity between works, purported independent creation of the accused work, claims that Plaintiff failed to include evidence of one of the allegedly infringing works, arguments that the works consist of unprotectable facts, and a new interpretation of the "volitional conduct" requirement. (D.I. 30 at 4–8). Defendants' reply also misstates applicable legal standards and mischaracterizes the factual record.

2.   Defendants seek summary judgment before discovery while relying on factual assertions that remain disputed and unsupported by competent evidence. Because these arguments appear for the first time and could not have been addressed in Plaintiff's opposition, this surreply is necessary. The Defendants' Summary Judgment motion was filed before any discovery occurred, before a Rule 26(f) conference, and before any scheduling order was entered. (D.I. 22 at 4; D.I. 22-1 ¶2 at 1). Defendants' own filings confirm their motion relies on factual assertions regarding automated catalog feeds, distributor sourcing, and the absence of sales. This alone is sufficient to deny the motion.

## II.   ARGUMENT

### A.   Defendants' New Arguments Raised For The First Time In Their Reply Should Be Disregarded

Defendants' reply introduces new theories not raised in their original Motion for Summary Judgment. (Compare D.I. 17 with D.I. 30 at 4–8). These include: (1) a new "substantial similarity" argument based on visual comparison of book covers; (2) a claim that Plaintiff failed to include

evidence of one of the allegedly infringing works; (3) a newly asserted independent creation defense; (4) a reframed argument that the works consist of unprotectable factual material; and (5) an expanded interpretation of the "volitional conduct" requirement based on automated catalog listings. Courts hold that arguments raised for the first time in a reply brief are procedurally improper and may be deemed forfeited. *Mirtech, Inc. v. AgroFresh, Inc.*, 2024 WL 4527341, at *8 (D. Del. 2024) ("Arguments raised for the first time before a district court in a reply brief are deemed forfeited"); *Britt v. Diamond Materials,* LLC, 2025 WL 2661784, at *4 (D. Del. 2025) (the court declined to consider arguments first raised in a reply brief, reaffirming the principle that such arguments deprive the opposing party of a meaningful opportunity to respond).

Defendants' reply brief does precisely what these cases prohibit. While courts retain discretion to consider new arguments raised in reply that "serve[] to bolster" an argument made in an opening brief, *In re Allied Sys. Holdings*, 2016 U.S. Dist. LEXIS 43253, at *67-68 (Bankr. D. Del. 2016), that exception does not apply here. Defendants' new arguments do not identify any "new issue" raised in Plaintiff's opposition; rather, they attempt to bolster deficiencies in Defendants' original motion. Defendants' introduction of these arguments in reply prejudices Plaintiff by depriving Plaintiff of any opportunity to develop a factual record or respond on the merits.

B.    **Defendants' New "Substantial Similarity" Argument Misstates The Law And Is Irrelevant To The Claims At Issue**

For the first time in their reply, Defendants argue that the covers of two books are visually dissimilar and therefore cannot infringe. (D.I. 30 at 4–5). This argument fails both procedurally and substantively. First, Defendants' Motion for Summary Judgment did not raise a substantial similarity defense based on visual comparison of book covers. (D.I. 17). A party may not raise entirely new legal theories in a reply brief. Second, Defendants misstate the legal standard

governing copyright infringement. Copyright law protects original expression even where works involve factual subject matter, including the selection, arrangement, and presentation of factual information. Courts have long recognized that infringement may occur where protected expressive elements are copied even in works involving factual subject matter. *See Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 348–51 (1991) (recognizing copyright protection for the original selection and arrangement of factual information). Defendants' visual comparison of book covers therefore does not resolve the infringement issues raised in the Complaint. Third, even if similarity were relevant, the question of substantial similarity is typically a fact-intensive inquiry that is rarely appropriate for resolution on summary judgment. This is particularly true here where discovery has not yet opened and Plaintiff has not been permitted to obtain evidence concerning the development, sourcing, and distribution of the accused works. (D.I. 22-1 ¶2-3 at 1–2). Defendants' newly introduced similarity argument therefore provides no basis for summary judgment.

**C.**      **Defendants' Assertion That Plaintiff Failed To Include Evidence Of One Work Does Not Support Summary Judgment**

Defendants also newly argue that Plaintiff failed to include evidence of one of the allegedly infringing works and therefore cannot establish infringement. (D.I. 30 at 4–6). This argument fails procedurally and substantively. First, this contention was not raised in Defendants' Motion for Summary Judgment and is therefore improper. Second, any alleged evidentiary gap reflects the absence of discovery, not a failure of Plaintiff's claims. Defendants moved for summary judgment before discovery, and the relevant materials remain within Defendants' or third parties' control. Third, Defendants improperly attempt to convert the absence of discovery into a merits-based deficiency. Rule 56 does not permit a movant to rely on an undeveloped record to obtain judgment as a matter of law. Defendants cannot manufacture a merits deficiency by moving for summary

3

judgment before Plaintiff has had any opportunity to obtain the very evidence Defendants now claim is missing.

### D.    Defendants' "Independent Creation" Theory Is Factually Unsupported

Defendants also argue that the accused works could have been independently created because the subject matter involves factual herbal remedies. (D.I. 30 at 6-7). This argument fails because independent creation is an affirmative defense that must be supported by evidence. Defendants offer no such evidence. Their reply relies entirely on speculation rather than competent proof. Defendants' mere assertion that the works could have been independently created is not evidence and cannot support summary judgment. Also, Defendants improperly conflate factual subject matter with protectable expression. And, independent creation cannot be resolved on summary judgment without discovery into authorship, sources, and development of the accused works.

### E.    Defendants Mischaracterize The Factual Record

Defendants assert that the accused listings originated solely from an automated catalog feed and therefore cannot constitute actionable conduct. (D.I. 17 at 2; D.I. 30 at 7-8). However, that assertion cannot be resolved on this undeveloped record. Plaintiff has not yet obtained discovery regarding the origin of the catalog listings, the chain of distribution through Ingram, or Defendants' control over listing selection, removal, or modification. (D.I. 22-1 ¶3(a)-(d) at 1-2). These factual issues remain disputed and cannot be resolved based solely on Defendants' characterization of events.

### F.    Defendants' "Volitional Act" Argument Misapplies The Law

Defendants attempt to reinterpret the Court's decision in *Tom Hussey Photography, LLC v. BDG Media, Inc.* to argue that automated catalog listings eliminate liability. (D.I. 30 at 7-8). This argument misapplies the law. The volitional conduct requirement addresses causation, not

authorship or intent. Liability may arise where a defendant operates a system or platform that causes infringing material to be distributed. Here, Defendants admit they operated the storefront through which the works were offered for sale. (D.I. 17 at 2). Operation of a commercial storefront offering accused works for sale constitutes sufficient volitional conduct to preclude summary judgment on this record.

### G.    Defendants' Reply Confirms That Discovery Is Necessary

This Court has recognized that summary judgment is inappropriate where the nonmoving party has not had an opportunity to obtain discovery essential to oppose the motion and has submitted an affidavit explaining that inability. (D.I. 22-1). In *Farris v. Moeckel*, 664 F. Supp. 881, 890–91 (D. Del. 1987), the Court denied summary judgment where the parties had not progressed beyond the pleading stage, no discovery had occurred, and counsel's affidavit explained why the plaintiff could not yet rebut the movants' factual assertions. The same is true here. The reply introduces new factual theories concerning the origin of the catalog listings, the nature of the accused works, and distribution chain. (D.I. 30 at 4-8). Each requires discovery as further supported in Plaintiff's declaration. (D.I. 22-1 ¶3(a)-(f) at 1-2). Because Defendants' reply depends on disputed factual assertions regarding sourcing, control, authorship, and the record remains undeveloped, Rule 56(d) relief is warranted.

### III.    CONCLUSION

This case is not ripe for summary judgment. Defendant's Motion relies on unsupported legal assumptions, disputes material facts, and attempts to short-circuit both discovery and mandatory corporate-counsel requirements in violation of Rule 56 and settled procedural law. For these reasons, Plaintiff respectfully requests that the Court:

    1. DENY Defendant Wijesinghe's Motion for Summary Judgment in its entirety; or, alternatively,

2.  DEFER consideration under Rule 56(d) pending discovery.

Dated: March 20, 2026                          Respectfully Submitted,

                                               **SMITH, KATZENSTEIN & JENKINS LLP**

*Of Counsel:*
                                               /s/ *Daniel A. Taylor*
Jason L. DeFrancesco                           Neal C. Belgam (No. 2721)
**THE DEFRANCESCO LAW FIRM PLLC**              Daniel A. Taylor (No. 6934)
110 Dungannon Blvd, Suite 101                  1000 N. West Street, Suite 1501
Wilmington, NC 28403                           Wilmington, DE 19801
T: (910) 833-5428                              (302) 652-8400
jasond@defrancesco.law                         nbelgam@skjlaw.com
                                               dtaylor@skjlaw.com

                                               *Counsel for Plaintiff Global Brother SRL*

6