**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>Plaintiff,<br><br>v.<br><br>ARUNA WIJESINGHE and WEBDELICO LLC,<br><br>Defendants. | C.A. № 25-00878-MN |

**<u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FOR ATTORNEY'S FEES</u>**

**Daniel P. Hagelberg, Esquire**
Daniel P. Hagelberg, Esq. (No. 6813)
1201 N. Orange Street, Suite 500A
Wilmington, DE 19801
(302)617-7100
daniel@hagelberglaw.com
*Attorney for Defendants*

**TABLE OF CONTENTS**


Table of Contents 2

Table of Authorities ........ 3

Nature and Stage of Proceedings ........ 4

Summary of Argument ........ 5

Argument ........ 6

I. Plaintiff Fails to State a Claim as to Count 2 Because Advertisement of Distinctly Different Products Does Not Constitute Unfair Competition or False Designation ........ 7

A. When Analyzed The Allegedly Infringing Works Are Dissimilar Negating Any Possibility Of Confusion ........ 8

B. The Plaintiff Has Not Plausibly Alleged The Requisite Volitional Conduct Required And Therefore Cannot Make Out A Case For Liability ........ 11

C. Sufficient Facts are Present for the Court to Make a Determination at This Time. ........ 13

II. The Counter Notice by Defendant was Factual and No Unauthorized Copies of Plaintiff's Books Were Sold Or Advertised Therefore Count 3 Must Fail ........ 13

III. Defendant is Selling a Genuine Product and not a Counterfeit One Under the Definitions of Delaware Law Plaintiff Do Not Own the Rights to All Holistic Remedies ........ 13

IV. Counts 1 and 5 of the Complaint are Premised on the Breaches of the Other Counts and Therefore Must Fail as a Matter of Law ........ 14

V. Upon the Success of Defendants' Motion to Dismiss, Plaintiffs Should be Ordered by the Court to Pay Defendants' Attorney Fees ........ 14

Conclusion ........ 16

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........ 6

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ........ 6

*Harold Lloyd Corp. v. Witwer,* 65 F.2d 1 ........ 7

*Oxford Book Co. v. College Entrance Book Co.,* 98 F.2d 688, 691 (2nd CA 1938) ........ 8

*Stratchborneo v. Arc Music Corp.,* 357 F. Supp. 1393 ........ 7

*Tom Hussey Photography, LLC v. BDG Media, Inc* 2020 U.S. Dist. LEXIS 238433 (D. Del. Dec. 18, 2020) ........ 11, 12

Defendants Aruna Wijesinghe ("Mr. Wijesinghe") and Webdelico LLC ("Webdelico" and collectively with Mr. Wijesinghe, "Defendants") hereby move this Court to Dismiss all claims in the Complaint (D.I. 1) by Plaintiff Global Brother SRL ("Plaintiff") and award Defendant's attorney's fees to be paid by Plaintiff.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs filed this Complaint on July 15, 2025, alleging infringements to copyrights they hold on two books. Mr. Wijesinghe attempted to defend himself and Webdelico by filing a Summary Judgment Motion on December 11, 2025 (D.I. 17), Plaintiffs responded on December 29, 2025 (D.I. 22). Between the filing of the response to the Motion for Summary Judgment and the Defendants' Reply, Counsel for both Defendants entered their appearance (D.I. 24 & 25). By stipulation the parties suspended briefing on the Motion for Summary Judgment to accommodate settlement discussions. Counsel Replied to the Motion for Summary Judgment on March 2, 2026. (D.I. 30).

In response to the Motion for Summary Judgment and other procedural matters the Court issued an Order on August 5, 2026, denying the Motion for Summary Judgment and mooting other matters before the Court (D.I. 35). The Court directed Defendants to answer, move, or otherwise respond to the Complaint. Defendants now move under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief may be granted based on deficiencies in the Complaint itself.

## SUMMARY OF ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has failed to do so for the following reasons:

1. Plaintiffs do not state a claim for unfair competition and false designation of origin upon which relief can be granted because the products offered by Defendant were factually distinct enough from the copyrighted works of Plaintiff to not cause any confusion or mistake or deceive anyone as to the affiliation of the works Defendants were validly selling.

2. Defendants filed a Counter Notice to Plaintiff's takedown claims that was factually accurate, stating that the works that they were offering for sale were ones they were authorized to sell and did not, to the best of their knowledge, infringe on any rights of the Plaintiff.

3. The Delaware Deceptive Trade Practices Act is not applicable to this case because the products offered by did not seek to deceive anyone of the origin of the works, did not engage in false or misleading advertising nor were they knockoff products. Through Plaintiff's own complaint it is clear that these were distinctly different books and their claim is frivolous.

4. Counts 1 and 5 of the Complaint require Plaintiff to prove the infringements of the other counts to support the injunctive relief and claim for unjust enrichment. Since they are not able to support those other counts it follows logically that injunctive relief is not warranted and that Defendants have not been unjustly enriched.

5. Plaintiff's failure to state a claim upon which relief can be granted and their conduct rises to the point where they should be ordered to pay Defendants' legal costs.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). A complaint does not suffice if is merely contains "naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and citations omitted); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The facts, as demonstrated by the Plaintiff's complaint, are that the products offered by Defendants were distinctly different books with different titles, different author names, different

numerical representations of the remedies offered, and materially different cover presentations. Even accepting all facts in the Complaint as true Plaintiff does not state a plausible claim for relief.

## I. Plaintiff Fails to State a Claim as to Count 2 Because Advertisement of Distinctly Different Products Does Not Constitute Unfair Competition or False Designation

Plaintiff alleges violations of trade marks and trade dress resulting in unfair competition and false designation under 15 U.S.C. §1125(a). Specifically they claim that the "trade dress, titles, and overall designs constitute[] false misleading representations of fact that [are] likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description and unfair competition…" Compl. at ¶35.

Even if Plaintiff proves that there are similarities between the works offered by Defendant and the works of Plaintiff, they must also contend with the fact that these are works of non fiction. Claims of copyright infringement can fail in the non-fiction space because similar works are not necessarily infringing if they are arrived at separately. *See*, *Stratchborneo v. Arc Music Corp.,* 357 F. Supp. 1393, 1402 ("Proof of copying is basic to any claim of infringement. Idential works, which these are not, could, if independently created, each receive statutory copyright protection, and each withstand charges, by the other, of infringement."), *Harold Lloyd Corp. v. Witwer,* 65 F.2d 1, 4 ("the law imposes no prohibition upon those who, without copying, independently arrive at the precise combination of words or notes which have been copyrighted."). No facts were alleged in the Complaint to indicate that actual copying had occurred.

Producing a non-fiction book such as these that are the subject of the case are difficult to copyright completely as "the subject matter is of necessity what events have made it and the order of treatment whether that be chronological or topical is fixed by the facts." *Oxford Book Co. v. College Entrance Book Co.,* 98 F.2d 688, 691 (2nd CA 1938). Whether the Court is a believer in holistic medicine or not the use of herbal remedies is a matter of historical record and scientific fact in so far as the properties of the plants discussed are concerned. The similarity between these books that discuss factual information cannot be infringing on copyright as they are facts and therefore are not subject to copyright. The Plaintiff alleges that the titles are infringing but they are merely an indicator of what is inside each of the books, herbal remedies not typically used in today's medicine.

**A. When Analyzed The Allegedly Infringing Works Are Dissimilar Negating Any Possibility Of Confusion**

Plaintiff unironically states that "consumers associate the unique titles, unique pattern-design of the books as originating exclusively from Plaintiff."Compl. at ¶34. However, the titles of the books are different, the names of the authors are different, and the actual presentation and designs are different. The *uniqueness* of the Plaintiff's titles and designs are not being infringed upon. In the world of keyword searches a search for their titles will reveal Plaintiff's books, not the products that Defendants had offered for sale. Defendants noted in previous briefing that there was significant difference between the books particularly the title that was less discussed through the complaint. Plaintiffs make a claim for "The Forgotten Home Apothecary" by Nicole Apelian. *See* D.I. 1 at 5-9. This claim is leveled against a work titled "Home Apothecary: 500 Forgotten Powerful Remedies" by Susan Nicole. *Id.* These two books profess to provide a

different number of remedies, 250 for the Plaintiff's work and 500 for the accused work, and have a different visual style to their covers.

Below is a picture of the cover of the Work Plaintiff is claiming is being infringed upon:



And for contrast the work that Plaintiffs claim was infringing:




In addition to the obvious differences in visual style, the notion that a work could be infringing when it offers double the remedies of another work is beyond the design of the protections which Plaintiff requests.

Plaintiff's work is identified as The Forgotten Home Apothecary by Nicole Apelian and prominently represents 250 remedies. The accused work identified in the Complaint is Home Apothecary: 500 Forgotten Powerful Remedies by Susan Nicole and prominently represents 500 remedies. The author names are different. The titles are different. The title arrangements and typography are different. The framing, imagery, and layouts are different. Plaintiff's cover uses an ornate carved-wood-frame presentation surrounding shelves of remedies and a central title

treatment, while the accused cover uses a materially different border, central red label, shelving arrangement, and overall composition.

These differences are relevant not because Defendants ask the Court to weigh competing evidence, but because they appear in the works Plaintiff itself identifies as the basis of its claim. The Complaint's conclusory assertion that consumers associate Plaintiff's "unique titles, unique pattern-design" exclusively with Plaintiff does not itself establish that the accused work is likely to cause confusion as to source, sponsorship, affiliation, or approval.

Both publications concern home-apothecary or herbal-remedy subject matter. But the existence of a common subject or descriptive vocabulary does not by itself establish that consumers are likely to believe that one differently titled and differently authored publication originates with, is sponsored by, or is approved by the publisher of another. The pleaded theory must identify legally protectable source-identifying matter and plausibly allege the required likelihood of confusion as to that matter.

Here, the Complaint itself presents books bearing different author names, different titles, different numerical claims, and materially different overall cover presentations. Those concrete differences undermine a bare conclusion that the accused publication falsely designates Plaintiff as its source or creates actionable confusion.

**B. The Plaintiff Has Not Plausibly Alleged The Requisite Volitional Conduct Required And Therefore Cannot Make Out A Case For Liability**

In Previous briefing Plaintiff cited to *Tom Hussey Photography, LLC v. BDG Media, Inc* 2020 U.S. Dist. LEXIS 238433 (D. Del. Dec. 18, 2020) to claim that a volitional act was made by Defendants. However, the facts, as accepted by both sides, place the *Tom Hussey*

*Photography* case as justifying Dismissal. Plaintiff accepts that Defendant has purchased the catalog from third party wholesaler Ingram and Defendants are using that catalog to it automatically populate its website. Plaintiff would have the Court attribute a volitional act to Defendants. D.I. 22 at 6-7. However, the distinction made by Plaintiff does not change that *Tom Hussey Photography* applies to this case. The act of purchasing the catalog does not make the purchaser responsible for its contents *in toto*, particularly where the Defendant is not responsible for the initial act of display. *Tom Hussey Photogaraphy* 2020 U.S. Dist. LEXIS 238433 at *6-7. The creation of the catalog purchased by Defendants and making it available for sale would be the initial display. The catalog is a static thing presented to the purchaser which is then clothed in ownership attributed to the Defendant, much as the website was for the purchaser in *Tom Hussey Photography*. *Id.* at 5-6. The act of purchasing and displaying was found to not be a reason to hold liability against the Defendant in that case nor should it be in this case either. *Id.* at 9.

The correct analysis of *Tom Hussey Photography* demonstrates that despite Plaintiff's insistence on Discovery, it is not needed. D.I. 22 at 5. There is no Bonafide issue of fact as to the current motion dealing with Plaintiff's pleading obligations and whether there is a triable issue in this case. The Plaintiff accepts as a fact the only operative counter allegation made by Defendants so far as to the details of the case. That is that Defendants purchased a catalog of books to sell on their website. Plaintiffs believe that fact is a volitional act, but the precedent above from *Tom Hussey Photography* is on point and makes this case ripe for dismissal. The Court need not look further at this time.

**C. Sufficient Facts are Present for the Court to Make a Determination at This Time.**

Despite Plaintiff's request that additional discovery be ordered the Court may rule out any claim that is factually unsupportable. Given that the works do not resemble the copyright owned by the Plaintiff and all works concerned here are based on factual statements about homeopathic remedies without a claim of any actual copying of content or organization. The Court should grant the Defendants Motion to Dismiss.

**II. The Counter Notice by Defendant was Factual and No Unauthorized Copies of Plaintiff's Books Were Sold Or Advertised Therefore Count 3 Must Fail**

Plaintiff alleges that Defendants made false statements in their Counter-Notice in violation of 17 U.S.C. §512(f). They also claim that Defendants were acting with actual knowledge of the falsity of their claims. However, as stated in Exhibit D to the Complaint the Counter-Notice as described by Defendants were simply clarifying that they were taking the book from an authorized wholesaler. Mr. Wijesingh even offers in that email to work with Plaintiff to remove any books in the future that might be mistakenly listed in Defendant's catalog.

Plaintiffs fail to allege a specific fact that Defendants included in the Counter Notice, and fail to demonstrate that the claim made was false. Without those Plaintiff has not met their pleading burden for a claim under 17 U.S.C. §512(f)

**III. Defendant is Selling a Genuine Product and not a Counterfeit One Under the Definitions of Delaware Law Plaintiff Do Not Own the Rights to All Holistic Remedies**

Delaware law has its own Deceptive Trade Practices Act that prohibits unfair or deceptive trade practices. 6 Del. C. §2531 et. seq. The state statute is complimentary to the federal one, but still requires actual violations of copyright. Given that Plaintiffs have not established the works

that were offered for sale through the wholesaler's catalog by Defendants were counterfeit or in some way knockoffs there is not any recourse through the Delaware statute.

In support of Count 3 Plaintiff merely lists the subparagraphs of the statute as conclusions and allegations. As stated throughout this motion Defendants were not trying to pass of their goods as those of another but were trying to sell the goods provided in the catalog provided to them by their wholesaler. This is neither the behavior prohibited by the Delaware DTPA nor the does it create a plausible claim for relief.

## IV. Counts 1 and 5 of the Complaint are Premised on the Breaches of the Other Counts and Therefore Must Fail as a Matter of Law

Counts 1 and 5 are dependent on the success of Counts 2, 3, and 4. If the Court accepts Defendants' arguments and analysis to those Counts, discussed *supra,* then the Plaintiff should not be entitled to injunctive relief under 17 U.S.C. §501 (Count 1). Nor should they be entitled to any profits Defendants may have had under an unjust enrichment theory (Count 5).

## V. Upon the Success of Defendants' Motion to Dismiss, Plaintiffs Should be Ordered by the Court to Pay Defendants' Attorney Fees

Defendants respectfully request an award of their reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505. Section 505 authorizes courts, in their discretion, to "allow the recovery of full costs" and to "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

The Supreme Court has confirmed that prevailing defendants are eligible for fee awards on an evenhanded basis with prevailing plaintiffs. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). In exercising this discretion, courts consider nonexclusive factors such as

frivolousness, motivation, objective unreasonableness (both in factual and legal components), and the need to advance considerations of compensation and deterrence. Id. at 534 n.19.

Defendants should be the prevailing parties because Plaintiff's claims are subject to dismissal for failure to state a claim and are otherwise legally deficient and unsupported by the facts alleged. Plaintiff has not pleaded facts that plausibly establish infringement of any protectable expression, or any actionable conduct by these Defendants. The Complaint relies on conclusory assertions and speculative inferences rather than well-pleaded facts, rendering the claims objectively unreasonable.

The *Fogerty* factors strongly favor a fee award here. First, the legal and factual infirmities in Plaintiff's pleading render the claims objectively unreasonable. Second, there is no apparent legitimate motivation for asserting claims against these Defendants where the Complaint fails to convincingly demonstrate the possibility of confusion or false designation of origin or any other infringing act with the requisite specificity. Third, compensation and deterrence weigh heavily in favor of fees. Defendants were compelled to expend substantial resources to respond to baseless allegations that should not have been brought. Awarding fees will deter similarly meritless copyright pleadings while encouraging careful pre-suit investigation and narrowing of claims, thereby furthering the purposes of the Copyright Act.

Accordingly, upon dismissal, Defendants request that the Court enter an order declaring them prevailing parties under 17 U.S.C. § 505 and awarding their reasonable attorney's fees and costs. Defendants will submit appropriate documentation of fees and expenses in accordance with Local Rules and any further briefing schedule the Court may set.

## CONCLUSION

For the foregoing reasons Defendants respectfully request that this Court enter appropriate orders Dismissing this case and awarding fees to Defendants.

**Daniel P. Hagelberg, Esquire**

/s/ Daniel P. Hagelberg
Daniel P. Hagelberg, Esq. (No. 6813)
1201 N. Orange Street, Suite 500A
Wilmington, DE 19801
(302)617-7100
daniel@hagelberglaw.com
*Attorney for Defendants*

Dated: September 2, 2026

## CERTIFICATE OF SERVICE

I, Daniel P. Hagelberg, hereby certify that on September 2, 2026, I caused a true and correct copy of the foregoing *Defendant's Motion to Dismiss and for Attorney's fees* to be served upon the following individuals in the manner indicated below:

VIA PACER:

**Smith, Katzenstein & Jenkins LLP**
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

**THE DEFRANCESCO LAW FIRM PLLC**
Jason L. DeFrancesco
110 Dungannon Blvd, Suite 101
Wilmington, NC 28403
(910) 833-5428
jasond@defrancesco.law