**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>Plaintiff,<br><br>v.<br><br>ARUNA WIJESINGHE d/b/a/ "bookdelico.com," and WEBDELICO LLC,<br><br>Defendant(s). | C.A. No. 25-878-MN |

**PLAINTIFF GLOBAL BROTHER SRL'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR ATTORNEY'S FEES (D.I. 36)**

*Of Counsel:*

Jason L. DeFrancesco
**THE DEFRANCESCO LAW FIRM PLLC**
174 Nassau Street, No. 325
Princeton, NJ 08542
(910) 256-7377
jasond@defrancesco.law

**SMITH, KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*

Dated: September 16, 2026

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ iii

I. NATURE AND STAGE OF THE PROCEEDINGS ........ 1

II. SUMMARY OF ARGUMENT ........ 1

III. STATEMENT OF FACTS ........ 2

IV. ARGUMENT ........ 3

A. Rule 12 does not permit Defendants to repackage matter outside the pleadings as pleading defects. ........ 3

B. Count I independently states a copyright-infringement claim. ........ 4

1. Count I is not dependent on Counts II-IV. ........ 4

2. The Complaint alleges protectable expression, not ownership of herbal facts. ........ 4

3. Lawful sourcing, first sale, and absence of completed sales do not defeat the pleaded reproduction and display theories. ........ 4

4. The Ingram "automation" theory raises matter outside the pleadings; it does not establish dismissal. ........ 5

C. Count II plausibly alleges false designation and trade-dress infringement. ........ 5

D. Defendants' asserted truth of the counter-notice does not establish dismissal of Count III. ........ 6

E. Count IV does not require copyright infringement, and Count V does not fail derivatively. ........ 8

1. The DTPA theory rests on statutory source-confusion provisions. ........ 8

2. The motion does not establish dismissal of the alternative unjust-enrichment claim. ........ 8

F. Defendants are not entitled to attorney's fees. ........ 8

G. If the Court considers matters outside the pleadings, Rule 12(d) and Rule 56(d) require a fair opportunity for discovery. ........ 9

V. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

## Cases

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,
237 F.3d 198 (3d Cir. 2000)........................................................................................ 6

*Executive Lens LLC v. Rapkin*,
824 F. Supp. 3d 965 (N.D. Cal. 2026)........................................................................ 7

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991)................................................................................................ 2, 4

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994)..................................................................................................... 8

*Mayer v. Belichick*,
605 F.3d 223 (3d Cir. 2010)..................................................................................... 2, 3

*Shelton v. Bledsoe*,
775 F.3d 554 (3d Cir. 2015)........................................................................................ 9

*Shire US Inc. v. Barr Labs., Inc.*,
329 F.3d 348 (3d Cir. 2003)........................................................................................ 6

*Tom Hussey Photography, LLC v. BDG Media, Inc.*,
2020 WL 7481770 (D. Del. Dec. 18, 2020)................................................................ 5

## Statutes

17 U.S.C. § 106.......................................................................................................... 5

17 U.S.C. § 109.......................................................................................................... 5

17 U.S.C. § 512.......................................................................................................... 7

6 *Del. C.* § 2532........................................................................................................ 8

6 *Del. C.* § 2533........................................................................................................ 8

## Rules

Fed. R. Civ. P. 12....................................................................................................... 9

Fed. R. Civ. P. 8......................................................................................................... 8

Global Brother SRL ("Plaintiff") opposes Defendants' motion to dismiss (the "Motion") all five counts and for attorney's fees. (D.I. 36).

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed the Complaint in this matter on July 15, 2025. (D.I. 1). Plaintiff served Defendants on September 10, 2025. (D.I. 6; D.I. 7). Defendant Wijesinghe answered the Complaint on October 21, 2025. (D.I. 10).

The Complaint pleads copyright infringement (Count I), false designation and unfair competition under 15 U.S.C. § 1125(a) (Count II), counter-notice misrepresentation under 17 U.S.C. § 512(f) (Count III), violations of the Delaware Deceptive Trade Practices Act ("DTPA") (Count IV), and unjust enrichment (Count V). (D.I. 1., at ¶¶ 25-55) Count I concerns *The Lost Book of Herbal Remedies* and related volumes (the "*Lost Book* works"); the Complaint does not assert copyright infringement of *Forgotten Home Apothecary*. (*Id*., at ¶¶ 17, 25).

Wijesinghe previously moved pro se for summary judgment. (D.I. 17). Plaintiff opposed, explaining that authorization, first sale, catalog-feed mechanics, sales, and control depended on facts unavailable before discovery. (D.I. 22). The Court stated that the motion "appears to be premature," denied it without prejudice, and directed Defendants to answer, move, or otherwise respond. (D.I. 35, at ¶ 4). The Court did not decide those merits issues.

Defendants moved to dismiss the Complaint on September 2, 2026. (D.I. 36).

The Motion may test pleading sufficiency, but it repeatedly asks the Court to accept matter outside the pleadings, which the Court cannot consider on a Rule 12 motion.

## II. SUMMARY OF ARGUMENT

1. Federal Rule of Civil Procedure 12 tests the Complaint, *not Defendants' factual account*. The Court "must consider only the complaint, exhibits attached to the complaint, matters

of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted). The Court cannot accept disputed factual assertions outside the pleadings.

2. Count I is independent. The Complaint alleges copying of protected artistic expression in the registered *Lost Book* works and cover artwork, including the recurring lattice, botanical ornamentation, central oval framing, and related arrangement shown in the pleaded red-cover comparison. (D.I. 1, at ¶¶ 15-16, 20, 25-30). The rule that facts are not copyrightable does not eliminate protection for original expression. *See generally Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

3. Count II pleads distinct source-identification theories for the *Lost Book* series and *Forgotten Home Apothecary*. (D.I. 1, at ¶¶ 15-20, 32-35). Defendants' comparison of one apothecary book does not dispose of the separately pleaded *Lost Book* series title and recurring presentation.

4. Count III identifies the counter-notice, the challenged material, and the asserted misrepresentation that removal resulted from mistake or misidentification. (D.I. 1, at ¶¶ 22-24, 38-41). Defendants' "authorized wholesaler" account is a factual defense; the later withdrawal of the counter-notice occurred after suit was filed.

5. Count IV does not require copyright infringement, Count V is pleaded in the alternative, and Defendants are not entitled to fees merely because they seek dismissal. If the Court relies on outside evidentiary material and converts the Motion, Plaintiff requests discovery pursuant to Rule 56(d).

## III. STATEMENT OF FACTS

The following summarizes the Complaint's allegations, not adjudicated facts. Plaintiff alleges that Wijesinghe owns and controls the content published at bookdelico.com and that

Webdelico LLC operates through that storefront. (D.I. 1, at ¶¶ 11-14). Plaintiff alleges rights in the *Lost Book* series and in the common-law marks and trade dress associated with that series and *Forgotten Home Apothecary*. (*Id*., at ¶¶ 15-19). Paragraph 20 places an accused red-cover book beside Plaintiff's Volume II and alleges copying of artistic elements and a false impression of affiliation. Count I addresses copyright in the *Lost Book* works and cover artwork; Count II addresses source-identifying titles and presentation. (*Id*., at ¶¶ 20, 25-35).

The Complaint also alleges that Wijesinghe submitted Shopify counter-notice Ticket ID 56dca5cc-0047-47df-9845-440e6143c919. (*Id*., at ¶¶ 22-24). The filed counter-notice states that Wijesinghe had a "good faith belief that the affected content was removed as a result of a mistake or misidentification." (D.I. 17-2, Ex. M, at page 38 of 64). Shopify later acknowledged withdrawal of that counter-notice on September 11, 2025, after the Complaint was filed. (*Id*., Ex. N, at page 44 of 64).

## IV. ARGUMENT

### A. Rule 12 does not permit Defendants to repackage matter outside the pleadings as pleading defects.

On a Rule 12(b)(6) motion, the Court accepts well-pleaded factual allegations as true and may consider the Complaint, its exhibits, public records, and undisputedly authentic documents on which the claims are based. *Mayer*, 605 F.3d at 230. It may not treat Defendants' disputed characterizations of authorization, causation, sales, or good faith as established facts within the scope of the pleadings.

That is what the Motion repeatedly asks the Court to do. Defendants rely on an asserted authorized wholesaler, an automatic Ingram feed, absence of completed sales, and a truthful counter-notice. (D.I. 36 at ¶¶ 5, 12-14) These facts are matter outside the pleadings, not pleading defects apparent from the Complaint.

### B. Count I independently states a copyright-infringement claim.

#### 1. Count I is not dependent on Counts II-IV.

The Motion asserts that Count I depends on Counts II-IV. (D.I. 36, at 14). The Complaint separately alleges ownership of valid copyrights, unauthorized reproduction, distribution and display, injury, and copyright remedies. (D.I. 1, at ¶¶ 25-30). Failure of another count is not an element of Section 501 and supplies no derivative basis to dismiss Count I.

#### 2. The Complaint alleges protectable expression, not ownership of herbal facts.

*Feist* supports the proposition that facts are not copyrightable, but original expression and original selection or arrangement of facts is protectable. *Feist*, 499 U.S. at 360 (holding that the revisions of the 1976 Copyright Act "explain with painstaking clarity that copyright requires originality, § 102(a); that facts are never original, § 102(b); that the copyright in a compilation does not extend to the facts it contains, § 103(b); and that a compilation is copyrightable only to the extent that it features an original selection, coordination, or arrangement, § 101."). The Complaint targets visual expression in the registered *Lost Book* works and cover artwork—the lattice, botanical ornamentation, central oval framing, and related arrangement described in paragraph 16 and illustrated in paragraph 20. (D.I. 1, at ¶¶ 15-16, 20, 26-27). It does not claim exclusive rights in herbal facts, color, title, or typeface standing alone. Defendants' nonfiction argument therefore does not defeat the pleaded copyright claim.

#### 3. Lawful sourcing, first sale, and absence of completed sales do not defeat the pleaded reproduction and display theories.

The Motion assumes the accused material came from an authorized wholesaler and was genuine. (D.I. 36, at ¶¶ 5, 12-14). These matters outside the pleadings are not allegations Plaintiff must accept. Section 109(a) concerns disposition of a particular copy lawfully made under title 17; it does not itself resolve alleged reproduction or public display of protected imagery. *See* 17 U.S.C.

§§ 106(1), (3), (5), 109(a). Likewise, even if no physical copy was ultimately sold, Count I also alleges injury based on reproduction and display by Defendants. (D.I. 1, at ¶¶ 26-27).

**4. The Ingram "automation" theory raises matter outside the pleadings; it does not establish dismissal.**

Direct infringement requires volitional conduct causing the infringement. *Tom Hussey Photography, LLC v. BDG Media, Inc.*, 2020 WL 7481770, at *2–3 (D. Del. Dec. 18, 2020) (citing *Parker v. Google, Inc.*, 242 Fed. Appx. 833, 836 (3d Cir. 2007)). Tom Hussey dismissed a claim where the defendant merely acquired a website that already displayed the challenged images and the complaint did not allege that the defendant caused the initial display. *Id*. Here, the Complaint alleges Wijesinghe "owns and controls the content published" at bookdelico.com, that Webdelico participates in the storefront operation, and that Defendant advertised and sold the specifically illustrated accused work through that site; paragraph 27 alleges reproduction, distribution, and display. (D.I. 1, at ¶¶ 11-14, 20, 27). Defendants' contrary assertion, and reliance on arguments made in response to Defendants' untimely summary judgment motion (D.I. 36, at 11–12), is matter outside the pleadings and inappropriate for resolution on a Rule 12 motion.

**C. Count II plausibly alleges false designation and trade-dress infringement.**

Count II pleads two sets of source-identifying rights: the *Lost Book* series title and recurring cover presentation, and the *Forgotten Home Apothecary* title and cabinet-and-banner presentation. (D.I. 1, at ¶¶ 15-20, 32-35). Although pleaded within one Section 1125(a) count, those rights and accused uses are <u>separately described</u>. Defendants therefore cannot obtain dismissal of Count II as a whole by comparing one *Forgotten Home Apothecary* presentation while leaving the *Lost Book* series theory substantially unaddressed.

"To establish infringement of its unregistered trade dress a plaintiff must prove that (1) the allegedly infringing feature is non-functional, (2) the feature is inherently distinctive or has

acquired secondary meaning, and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product." *Shire US Inc. v. Barr Labs., Inc.*, 329 F.3d 348, 353 (3d Cir. 2003) (citation omitted). The Complaint describes the claimed visual combinations and alleges non-functionality, prior use and promotion, marketplace recognition, secondary meaning, and likely confusion. (D.I. 1, at ¶¶ 15-20, 32-35). The asserted dress is the particular combination of layout, ornamentation, framing, typography, color, and imagery—not herbal subject matter, a cabinet, or botanical imagery in isolation.

Defendants emphasize different titles, authors, remedy counts, and cover details. (D.I. 36, at 8–11). Those differences are relevant, but likelihood of confusion turns on overall commercial impression and "[s]ide-by-side comparison of the two marks is not the proper method for analysis when the products are not usually sold in such a fashion." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 216-17 (3d Cir. 2000) (citation omitted). The Complaint also identifies an accused *Lost Book* presentation that allegedly tracks the lattice, botanical ornament, central oval, and red/gold commercial impression. (D.I. 1, at ¶¶ 15–16, 20, 34–35). Different titles or authors do not, by themselves, negate a plausible allegation of common sponsorship or affiliation. Defendants' separate "volitional conduct" argument concerns copyright causation, not an element of Section 1125(a).

**D. Defendants' asserted truth of the counter-notice does not establish dismissal of Count III.**

Section 512(f)(2) reaches a knowing, material misrepresentation that material was removed or disabled by mistake or misidentification and requires resulting injury when the service provider relies on the misrepresentation. 17 U.S.C. § 512(f)(2). The Complaint identifies the counter-notice ticket and challenged URLs and alleges knowing falsity. (D.I. 1, at ¶¶ 22–24, 38–41).

Defendants conflate the counter-notice with a separate email communication. (D.I. 36, at 13). In the October 29, 2025 counter-notice, Ticket ID 56dca5cc-0047-47df-9845-440e6143c919, Wijesinghe states "I swear, under penalty of perjury, that I have a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed." (D.I. 17-2, Ex. M, at page 38 of 64). It does not state that the accused material came from an authorized wholesaler. That assertion appears instead in a June 24, 2025 email bearing the separate Shopify trademark ticket number cd4338f8-c031-4a26-b998-673c47f516aa. (D.I. 1-4, Ex. D, at pages 4–5). Plaintiff's June 26, 2025 correspondence expressly identifies the DMCA counter-notice as an additional ticket. (*Id.*, at 2–3). The June 24, 2025 email may bear on Defendants' asserted state of mind, but it does not establish as a matter of law that the statutory representation in the counter-notice was truthful or made in good faith.

The Complaint alleges that under Shopify's DMCA counter-notice policy, the challenged content would revive unless Plaintiff filed suit, and paragraph 41 alleges resulting expense. (D.I. 1, at ¶¶ 23, 41). Section 512(g) contemplates replacement after a counter-notice unless the provider receives notice of an action. 17 U.S.C. § 512(g)(2)(B)-(C). For example, in *Executive Lens LLC v. Rapkin*, the court held that actual restoration is not required where the provider accepts and acts upon a counter-notice and suit prevents reinstatement. 824 F. Supp. 3d 965, 970 (N.D. Cal. 2026). Shopify's withdrawal confirmation is dated September 11, 2025, after Plaintiff filed this action on July 15, 2025. (D.I. 17-2, Ex. N, at page 44 of 64). The later withdrawal and absence of completed restoration therefore do not themselves defeat Count III.

**E. Count IV does not require copyright infringement, and Count V does not fail derivatively.**

**1. The DTPA theory rests on statutory source-confusion provisions.**

The Motion states that the Delaware Deceptive Trade Practices Act ("DTPA") "still requires actual violations of copyright." (D.I. 36, at 13-14). It does not. Sections 2532(a)(2) and (3) of the DTPA reach likelihood of confusion as to source, sponsorship, approval, affiliation, connection, or association. 6 *Del. C.* § 2532(a)(2)-(3). The Complaint alleges that Defendants' accused presentations created false affiliation and threatened continuing marketplace harm. (D.I. 1, at ¶¶ 20, 44-48). Additionally, the DTPA authorizes injunctive relief without requiring proof of monetary damage or intent to deceive. 6 *Del. C.* § 2533(a).

**2. The motion does not establish dismissal of the alternative unjust-enrichment claim.**

The Motion does not develop a distinct preemption or adequate-remedy challenge to Count V; it argues only that Count V falls if Counts II-IV fail. (D.I. 36, at 14). Because that premise is not established, the derivative argument fails. The Rules permit alternative theories at the pleading stage. Fed. R. Civ. P. 8(d)(2)-(3).

**F. Defendants are not entitled to attorney's fees.**

Section 505 permits a discretionary fee award to a prevailing party; it does not make fees automatic. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n.19 (1994) (rejecting automatic fee awards under Section 505). Defendants have not prevailed, and even a pleading dismissal would not by itself establish frivolousness, improper motivation, or objective unreasonableness. The Complaint identifies registered copyrights, accused imagery, asserted marks and trade dress, challenged listings, and a specific counter-notice. The present fee request should be denied.

### G. If the Court considers matters outside the pleadings, Rule 12(d) and Rule 56(d) require a fair opportunity for discovery.

Plaintiff asks the Court to decide the Motion under Rule 12 based upon matter outside the pleadings. If the Court instead relies on evidentiary material beyond what the Third Circuit permits, the Rules require a reasonable opportunity to present material pertinent to summary judgment. Fed. R. Civ. P. 12(d).

In this case, no formal discovery has occurred. A party opposing summary judgment ordinarily must receive an adequate opportunity for discovery where relevant facts are controlled by the movant. *See generally Shelton v. Bledsoe*, 775 F.3d 554, 565-68 (3d Cir. 2015). If conversion is contemplated, pertinent discovery should precede summary-judgment disposition.

If the Court identifies a pleading deficiency, Plaintiff requests a claim-specific dismissal without prejudice. This answering brief is not a motion to amend; any amendment would be sought under Rule 15.

## V. CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and request for attorney's fees. Alternatively, any dismissal should be claim-specific and without prejudice. If the Court converts the motion under Rule 12(d), Plaintiff requests a reasonable opportunity to take pertinent discovery pursuant to Rule 56(d) prior to summary-judgment disposition.

Dated: September 16, 2026

Respectfully Submitted,

**SMITH, KATZENSTEIN & JENKINS LLP**

*Of Counsel:*

Jason L. DeFrancesco
**THE DEFRANCESCO LAW FIRM PLLC**
174 Nassau Street, No. 325
Princeton, NJ 08542
(910) 256-7377
jasond@defrancesco.law

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*